1  Barbara A. Rohr, SBN 273353
2  **FARUQI & FARUQI, LLP**
   10866 Wilshire Boulevard, Suite 1470
3  Los Angeles, CA 90024
   Telephone: (424) 256-2884
4  Facsimile: (424) 256-2885
   Email: brohr@faruqilaw.com
5
6  *Attorneys for Plaintiffs*
7  [Additional Counsel on Signature Page]
8
              **IN THE UNITED STATES DISTRICT COURT**
9
           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| HOUSTON VINCI and JAEHAN KU on behalf of themselves and those similarly situated,<br><br>Plaintiffs.<br><br>v.<br><br>HYUNDAI MOTOR AMERICA AND DOES 1 through 100,<br><br>Defendant. | **CASE NO. 2:17-cv-04286**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of the Magnuson-Moss Warranty Act<br>(2) Violation of California's Consumer Legal Remedies Act<br>(3) Violation of California's Unfair Competition Law<br>(4) Violation of California's False Advertising Law<br>(5) Violation of Implied Warranty of Fitness for a Particular Purpose<br>(6) Violation of Unfair and Deceptive Trade Practices Acts of Various States<br>(7) Fraudulent Concealment; and<br>(8) Unjust Enrichment<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Houston Vinci and Jaehan Ku ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, bring this action against Defendant Hyundai Motor America and Does 1 through 100 (collectively,

CLASS ACTION COMPLAINT                                         - 1 -

"Defendant" or "Hyundai"), and allege, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

## I.    NATURE OF THE ACTION

1.    Plaintiffs represent a class of Hyundai Accent and Elantra owners. The cars were sold with a faulty steering mechanism.

2.    A defect in Hyundai's steering mechanism causes the power steering to stop working suddenly, causing the wheel to lock or become difficult or impossible to turn at all.

3.    The faulty steering mechanism is found on at least the following models: Hyundai Accent (model years 2013-2016) and Hyundai Elantra (model years 2013-2016), collectively defined as the "Vehicles."

4.    Hyundai's defective steering mechanism severely inhibits drivers' ability to react to and/or avoid other cars, pedestrians, or obstacles.

5.    The Vehicles' steering defects have been the subject of a large number of consumer complaints.

6.    Hyundai has long known about the problem but has not notified consumers.  Previous Hyundai models had the same or a similar defect, which Hyundai was slow to acknowledge.

7.    In 2016, Hyundai issued a recall concerning a similar defect in 2011 Sonata vehicles.  The steering problem was caused by conflicting steering wheel input data which caused the power steering to turn off.

8.    Plaintiffs bring this action on behalf of a proposed nationwide class, as defined herein, of purchasers and lessees of one or more of the Vehicles. Plaintiffs seek a judgment requiring Hyundai to, among other things, inform all class members of the steering defect in the Vehicles, to recall and remedy the defect, and to make appropriate restitution to class members.

## II.     JURISDICTION AND VENUE

9.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(d)(2), because Plaintiffs and Defendant are citizens of different states, there are more than 100 members of the class and the aggregate amount in controversy exceeds $5,000,000, exclusive of attorneys' fees, interest, and costs.

10.     This Court has jurisdiction over Defendant because it is headquartered in Fountain Valley, California; has sufficient minimum contacts in California; and intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of the Vehicles to render the exercise of jurisdiction by this Court proper and necessary.  Moreover, Defendant's wrongful conduct (as described herein) foreseeably affects consumers in California.

11.     Pursuant to 28 U.S.C. §1391(b), venue is proper in this District because Defendant is headquartered in this District.

## III.    PARTIES

12.     Plaintiff Houston Vinci is a citizen of the State of Oregon who resides in Beaverton, Oregon, and owns one of the Vehicles.  She purchased a used 2013 Hyundai Accent in Oregon on or about June 5th of 2015.  Plaintiff Vinci reviewed Defendant's promotional materials and other information prior to her purchase. The materials and information do not disclose that the Vehicles suffer from the power steering problem described herein.  Had Defendant disclosed the defect, Plaintiff Vinci would not have purchased her 2013 Hyundai Accent or purchased the vehicle on those same terms.

13.     Since Plaintiff Vinci's purchase of the vehicle, she has experienced repeated problems with the power steering system.  She has brought the vehicle into Defendant's dealerships for an attempted repair, but to date, the dealerships have been unable to correct the problem with her vehicle.

14.     On or about January 19, 2016 due to a failure of the steering system, Plaintiff Vinci was in an accident in Portland, Oregon.

CLASS ACTION COMPLAINT                                                    - 3 -

15.     Plaintiff Jaehan Ku is a resident of Korea, attending school in the United States on a Student Visa in Oregon.  He purchased a new 2014 Hyundai Elantra from Ron Tonkin Hyundai of Gresham, Oregon, on or about March 11, 2014.

16.     Plaintiff Ku was involved in an accident on or about May 2016 as a result of Hyundai's steering defect. Specifically, Ku felt the steering wheel lock up and the car veered sharply to the left. The brakes failed at the same time and he was unable to stop before crashing into the Jersey barrier on the side of the highway.

17.     Plaintiff Ku, who was a truck driver for two years in the South Korean army, had installed a camera in his car and captured the defect on camera.

18.     Defendant Hyundai is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Fountain Valley, California.  At all relevant times, Defendant took part in designing, engineering, manufacturing, testing, marketing, supplying, selling, and distributing the Vehicles in the United States, including California.  Defendant also drafted and printed the owner's manuals that accompanied the Vehicles.  Defendant promotes and markets its products in a continuous manner in the United States of America, including California.

19.     The true names and capacities, whether individual, corporate, associates, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names.

20.     All Defendants, including DOE Defendants, were at all relevant times acting pursuant to a joint enterprise in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

IV.    **SUBSTANTIVE ALLEGATIONS**

21.    Defendant designs, develops, manufactures, markets, advertises, distributes, sells, and leases a wide range of automotive products under the "Hyundai" brand name, including passenger and commercial vehicles.  As such, Defendant deals in automobiles and holds itself out as having knowledge and skill in the design and manufacture of automobiles.

22.    Safe and functional power steering was material to Plaintiffs and Class members' decisions to buy or lease the Vehicles.

23.    A reasonable customer who purchases a vehicle that advertises power steering as a feature expects that feature to function properly.  A reasonable consumer further expects and assumes that Defendant will not sell vehicles with known safety defects, and will disclose any such defect to their customers.

24.    This lawsuit concerns 2013-2016 model year Hyundai Elantra and Hyundai Accent Vehicles that were factory installed with a faulty steering mechanism.

A.    **Consumers Complain About The Steering Defect**

25.    The database of the National Highway Traffic Safety Administration (NHTSA) shows there are many detailed consumer complaints about the inadequate steering mechanisms of the Vehicles.  As of June 7, 2017, there were over 100 such complaints for the Elantra and 10 such complaints for the Accent. This is an extraordinarily large number.  Below are a few such complaints:

    a.    "On the evening of 4/7/2015 I rented a 2015 Hyundai Elantra from Enterprise. The next evening, 4/8/2015 at about 10:30pm, I was driving out of the RV park where we were staying. I was driving about 15 mph and had just driven over a small bridge that had a very slight bump at the end before the road curved slightly to the right. As I went over the bump the steering wheel locked up and I found myself heading straight into the wooden wall along the right side of the road. I could not get the steering wheel to turn to the left, away from the wall, and crashed through it."  (2015 Elantra).

CLASS ACTION COMPLAINT                                          - 5 -

b.    "While driving the steering will have a slight lock to it that will be unlocked by over-correcting the wheel. This problem has been present since the purchase of the vehicle in [M]arch and was looked at by Hyundai who said that there was no problem and that what we were feeling was common in an electronic steering system. In our ignorance we accepted their diagnosis but the problem has become worse since then, on 5/23/15 as I was driving the problem was so bad that it felt as if the wheel had locked up entirely and was pointed in the direction of the ditch, I corrected the problem but had to use more force than any previous time and in doing so the car jerked into the opposite lane, had a vehicle been in the opposite lane I would have hit them head on."  (2013 Elantra)

c.    "The steering locks in the center as if there is a catch or something, what happens is, while driving your trying to keep center in your lane, as the car will either drift to the left or right, it will never stay centered."  (2014 Elantra)

d.    "When vehicle is traveling at highway speeds above 40 mph the steering sticks at center position."  (2015 Elantra)

e.    "When driving at highway speeds in a straight line the steering sticks. As the car drifts in the lane it takes an extreme amount of pressure to move the steering wheel and then it over corrects. I have two Elantras and they both have the same problem." (2014 Elantra)

f.    "I have a 2014 Hyundai Elantra which for some reason when going into a turn on a road or street that has some bumps on it the car when hitting the bumps chatters sideways. I had filed a complaint once before on the same problem."  (2014 Elantra)

g.    "When driving on the highway or a street and encounter a curve in the road, with some bumps in the road, the car just chatters sideways. Sometimes enough to almost go into the other lane." (2014 Elantra)

h.    "I turned out of my work parking lot, made a left.  My steering became uncontrollable at less than 15 MPH.  I have a steady hand.  I remained calm.  But when I tried to break to prevent a possible collision into anything after the steering seemed to

CLASS ACTION COMPLAINT                                                    - 6 -

have gone out, I braked harder than normal, but not slammed. The car jerked uncontrollably as I pressed on the break. It felt like the breaks were jumping/hitting the ground. On the same 3-5 mile drive home this happened several more times, drove half the speed limit and still persisted . . . it never shouldn't have had this not happened at low speed when the first profound lose of control occurred due to a mechanical issue, not driver error. And had I not been on alert with my hand awaiting to use the e-brake after it became very apparent something was not okay, I undoubtedly would have totaled my car." (2012-13 Accent)

i.   "Driving [in] all road conditions, the car drifts left or right and the steering wheel feels like it hits a stop point and correction has to be made constantly." (2013 Accent)

j.   "Purchased the car used in 2015 with less than 30,000 miles and in less than 6 months the power steering started malfunctioning regularly. Warning light would come on while driving and then the next time I'd start the car it'd be okay. Then the same thing would happen again 3 days later, over and over again. Terrible." (2014 Accent)

k.   "The car drifts at speeds over 40 MPH and at 55 MPH on highway requires constant correction due to steering drifting. Dealership says that's the electronic steering and that I will get used to it. The car[] acts as if it has worn steering components. At higher speed, the steering is sloppy, the car wanders from side to side." (2016 Accent)

**B.    Hyundai Fails To Notify The Government And Consumers**

26.    Upon information and belief, Hyundai and its dealerships were fully aware of the defects in its steering mechanism.

27.    Under federal law, 49 U.S.C. § 30118 (c)(1)-(2), a manufacturer must notify the Secretary of Transportation (or NHTSA) and owners, purchasers and dealers if the manufacturer learns the vehicle contains a defect and if the manufacturer decides in good faith that the defect is related to motor vehicle safety or decides in good faith that the vehicle or equipment does not comply with an

CLASS ACTION COMPLAINT                                                    - 7 -

1  applicable motor vehicle safety standard prescribed under the 49 U.S.C. § 101 *et*
2  *seq*.

3      28.    The safety concerns described herein warrant such notification to the
4  government and consumers.

5  **V.    CLASS ACTION ALLEGATIONS**

6      29.    Plaintiffs bring this action as a class action pursuant to Federal Rule of
7  Civil Procedure 23(a) and 23(b) on behalf of themselves and all others similarly
8  situated members of the proposed class (the "Class"), defined as: "All current or
9  former purchasers and lessees of one or more of the Vehicles who purchased or
10  leased their Vehicles in the United States (other than for purposes of resale or
11  distribution)."

12      30.    **Numerosity.**  The members of the proposed Class are so numerous
13  that their individual joinder is impracticable.  The proposed Class likely contains
14  thousands of members.  The true number of Class members can be ascertained
15  through information and records in Defendant's possession, custody or control.

16      31.    **Existence and Predominance of Common Questions of Law and**
17  **Fact.**  Common questions of law and fact exist as to all members of the Class and
18  Subclasses, and these issues predominate over any questions affecting only
19  individual Class members.  These common legal and factual questions include, but
20  are not limited to, the following:

21          (a)    Whether the Vehicles' power steering mechanism is defective;
22          (b)    Whether Defendant designed, advertised, marketed, distributed,
23                 leased, sold, or otherwise placed defectively designed and/or
24                 manufactured Vehicles into the stream of commerce in the
25                 United States;
26          (c)    Whether Defendant misled Class members about the safety and
27                 quality of the Vehicles;

28

CLASS ACTION COMPLAINT                                           - 8 -

(d)    Whether Defendant actively concealed the defects contained in the Vehicles;

(e)    Whether the defects would be considered material by a reasonable consumer;

(f)    Whether Defendant had a duty to disclose the defects to Class members;

(g)    Whether Defendant's misrepresentations and omissions regarding the safety and quality of the Vehicles were likely to deceive Class members in violation of the consumer protection statutes alleged herein;

(h)    Whether Defendant failed to timely recall the Vehicles;

(i)    Whether Defendant failed to adequately repair the Vehicles;

(j)    Whether Defendant breached the implied warranty of merchantability with respect to the Vehicles;

(k)    Whether Class members overpaid for their Vehicles as a result of the defects alleged herein;

(l)    Whether the defects have diminished the value of the Vehicles; and

(m)    Whether Class members are entitled to equitable relief, including but not limited to restitution or a preliminary and/or permanent injunction.

32.    **Typicality.**  Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and Class members purchased or leased Vehicles that suffer from a defective steering system as a direct proximate result of the same wrongful practices that Defendant engaged in.

33.    **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs have retained counsel who are highly experienced in complex consumer class action litigation, and

1    Plaintiffs intend to prosecute this action vigorously.  Plaintiffs have no adverse or

2    antagonistic interests to those of the Class.

3        34.    **Rule 23(b)(3).**  Questions of law and fact common to class members

4    predominate over any questions affecting only individual members, and a class

5    action is a superior method for adjudicating this controversy.  The monetary

6    damages or other pecuniary loss suffered by individual Class members is relatively

7    small compared to the burden and expense that would be entailed by individual

8    litigation of their claims against the Defendant.  It would thus be virtually

9    impossible for the Class, on an individual basis, to obtain effective redress for the

10   wrongs done to them.  As such, individual consumers do not have a strong interest

11   in controlling the prosecution of separate actions.  Furthermore, even if Class

12   members could afford such individualized litigation, the court system could not.

13   Individualized litigation would create the danger of inconsistent or contradictory

14   judgments arising from the same set of facts.  Individualized litigation would also

15   increase the delay and expense to all parties and the court system from the issues

16   raised by this action.  By contrast, the class action device provides the benefits of

17   adjudication of these issues in a single proceeding, economies of scale, and

18   comprehensive supervision by a single court, and presents no unusual management

19   difficulties under the circumstances here.  Plaintiffs know of no other litigation

20   addressing this issue on a class wide basis.

21       35.    **Rule 23(b)(1) and (b)(2).**  In the alternative, the Class may also be

22   certified because:

23           (a)    the prosecution of separate actions by individual Class

24                  members would create a risk of inconsistent or varying

25                  adjudication with respect to individual Class members that

26                  would establish incompatible standards of conduct for the

27                  Defendant**;**

28

CLASS ACTION COMPLAINT                                              - 10 -

(b)   Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole; and/or

(c)   Certification of specific issues such as Defendant's liability is appropriate.

36.   The claims asserted herein are applicable to all consumers throughout the United States who purchased or leased the Vehicles.

37.   Adequate notice can be given to Class members directly using information maintained in Defendant's records or through notice by publication.

38.   Damages may be calculated from the claims data maintained in Defendant's records, so that the cost of administering a recovery for the Class can be minimized.  However, the precise amount of damages available to Plaintiffs and the other members of the Class is not a barrier to class certification.

## FIRST CLAIM FOR RELIEF
### Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (Brought on behalf of the Nationwide Class)

39.   Plaintiffs reallege and incorporate by reference each preceding paragraph as though set forth at length herein.

40.   Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

41.   Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

42.   The Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

43.   The amount in controversy of Plaintiffs' individual claims exceeds the sum of $25.

44.    15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

45.    Defendant's express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).  The Vehicles' implied warranties are covered under 15 U.S.C. § 2301(7).

46.    Defendant breached these warranties as described in more detail above, including the common defect of the vehicles that are equipped with defective steering systems that pose a hazard to occupants of the Vehicles to crashes, serious injury, and death.

47.    Plaintiffs and Class members have had sufficient direct dealings with either Defendant or its agents (including its dealerships) to establish privity of contract between Defendant, and Plaintiffs and each Class member.  Nonetheless, privity is not required because Plaintiffs and Class members are intended third party beneficiaries of contracts between Defendant and its dealers, and specifically, of Defendant's implied warranties.  Plaintiffs and Class members are intended to be the ultimate consumers of the Vehicles and have rights under the warranty agreements provided with the Vehicles, which are designed for and intended to benefit the consumer.

48.    Defendant's breach has directly and proximately caused Plaintiffs and Class members to suffer damages, including diminution in the value of their vehicles, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Violation of California's Consumer Legal Remedies Act,
### Cal. Civ. Code § 1750, *et seq.*
### (Brought on behalf of the Nationwide Class)

49.    Plaintiffs incorporate by reference each preceding paragraph as though fully set forth herein.

50.    Plaintiffs bring this action on behalf of themselves against Defendant.

CLASS ACTION COMPLAINT                                                          - 12 -

1    51.    Defendant is a "person" under Cal. Civ. Code § 1761(c).

2    52.    Plaintiffs and the nationwide Class are "consumers," as defined by

3    Cal. Civ. Code § 1761(d), who purchased or leased one or more Vehicles.

4    53.    The California Legal Remedies Act ("CLRA") prohibits "unfair or

5    deceptive acts or practices undertaken by any person in a transaction intended to

6    result or which results in the sale or lease of goods or services to any consumer[.]"

7    Cal. Civ. Code § 1770(a).  Defendant has engaged in unfair or deceptive acts or

8    practices that violated Cal. Civ. Code § 1750, *et seq*., as described above.

9    54.    Defendant advertised the Class Vehicles with the intent not to sell

10   them as advertised in violation of § 1770(a)(9).

11   55.    In the course of their business, Defendant concealed and suppressed

12   material facts concerning the Class Vehicles.

13   56.    Defendant intentionally and knowingly misrepresented material facts

14   regarding the Class Vehicles with intent to mislead Plaintiffs and the Class.

15   57.    Defendant knew or should have known that its conduct violated the

16   CLRA.

17   58.    Defendant owed Plaintiffs a duty to disclose the illegality and public

18   health and safety risks of the Class Vehicles because they:

19           a.    possessed exclusive knowledge that they were manufacturing,

20                 selling, and distributing vehicles throughout the United States

21                 that had a steering defect;

22           b.    intentionally concealed the foregoing from Class members;

23                 and/or

24   59.    The value of the Class Vehicles has been diminished.

25   60.    Plaintiffs and the Class suffered ascertainable loss and actual damages

26   as a direct and proximate result of Defendant's misrepresentations and its

27   concealment of and failure to disclose material information.  Plaintiffs and the

28   Class members who purchased or leased the Class Vehicles would not have

CLASS ACTION COMPLAINT                                                    - 13 -

1  purchased or leased them at all and/or—if the Vehicles' true nature had been

2  disclosed and mitigated, and the Vehicles rendered legal to sell—would have paid

3  significantly less for them.  Plaintiffs also suffered diminished value of their

4  vehicles, as well as lost or diminished use.

5      61.    Defendant had an ongoing duty to all Class members to refrain from

6  unfair and deceptive practices under the CLRA.  All owners of Class Vehicles

7  suffered ascertainable loss in the form of the diminished value of their vehicles as a

8  result of Defendant's deceptive and unfair acts and practices.

9      62.    Defendant's violations present a continuing risk to Plaintiffs as well as

10  to the general public.  Defendant's unlawful acts and practices complained of

11  herein affect the public interest.

12      63.    As a direct and proximate result of Defendant's violations of the

13  CLRA, Plaintiffs and the nationwide Class have suffered injury-in-fact and/or

14  actual damage.

15      64.    Plaintiffs sent the required notice letter to Defendant pursuant to Cal.

16  Civ. Code § 1780(b) more than thirty days ago.  Defendant has not provided a

17  remedy to the class.

18      65.    Plaintiffs seek an order enjoining Defendant's unfair or deceptive acts

19  or practices, restitution, monetary damages, costs of court, attorneys' fees under

20  Cal. Civ. Code § 1780(e), and any other just and proper relief available under the

21  CLRA.

22          **THIRD CLAIM FOR RELIEF**
           **Violation of California Unfair Competition Law,**
23          **Cal. Bus. & Prof. Code § 17200 *et seq.***
           **(Brought on behalf of the Nationwide Class)**
24

25      66.    Plaintiffs incorporate by reference each preceding paragraph as

26  though fully set forth herein.

27      67.    This claim is brought on behalf of the nationwide Class against

28  Defendant.

CLASS ACTION COMPLAINT                                          - 14 -

1    68.    California Business and Professions Code § 17200 prohibits any
2 "unlawful, unfair, or fraudulent business act or practices." Defendant has engaged
3 in unlawful, fraudulent, and unfair business acts and practices in violation of the
4 UCL.

5    69.    Defendant's conduct, as described herein, was and is in violation of
6 the UCL in at least the following ways: by knowingly and intentionally concealing
7 from Plaintiffs and the other nationwide Class members that the Class Vehicles
8 suffer from a design defect while obtaining money from Plaintiffs and Class
9 members.

10    70.    Defendant's misrepresentations and omissions alleged herein caused
11 Plaintiffs and the other nationwide Class members to make their purchases or
12 leases of their Class Vehicles.

13    71.    Absent those misrepresentations and omissions, Plaintiffs and the
14 other nationwide Class members would not have purchased or leased these
15 vehicles or would not have purchased or leased these Class Vehicles at the prices
16 they paid.

17    72.    Accordingly, Plaintiffs and the other nationwide Class members have
18 suffered injury in fact including lost money or property as a result of Defendant's
19 misrepresentations and omissions.

20    73.    Plaintiffs seek to enjoin further unlawful, unfair, and/or fraudulent
21 acts or practices by Defendant under Cal. Bus. & Prof. Code § 17200.

22    74.    Plaintiffs request that this Court enter such orders or judgments as
23 may be necessary to enjoin Defendant from continuing its unfair, unlawful, and/or
24 deceptive practices and to restore to Plaintiffs and members of the nationwide
25 Class any money that it acquired by unfair competition including restitution and/or
26 restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and
27 Cal. Bus. & Prof. Code § 3345.

28

CLASS ACTION COMPLAINT                                              - 15 -

**FOURTH CLAIM FOR RELIEF**
**Violation of California False Advertising Law,**
**Cal. Bus. & Prof. Code §§ 17500,** *et seq.*
**(Brought on behalf of the Nationwide Class)**

75.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

76.     Plaintiffs bring this Count on behalf of the nationwide class against Defendant.

77.     California Bus. & Prof. Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

78.     Defendant caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendant, to be untrue and misleading to consumers, including Plaintiffs and the other Class members.

79.     Defendant has violated § 17500 because the misrepresentations and omissions regarding the safety, reliability, and functionality of Class Vehicles as set forth in this Complaint were material and likely to deceive a reasonable consumer.

80.     Plaintiffs and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices.

CLASS ACTION COMPLAINT                                                   - 16 -

81. Had Plaintiffs and the other Class members known this, they would not have purchased or leased their Class Vehicles and/or paid as much for them. Accordingly, Plaintiffs and the other Class members overpaid for their Class Vehicles and did not receive the benefit of their bargain.

82. All of the wrongful conduct alleged herein occurred, and continues to occur, in the course of Defendant's business.  Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

83. Plaintiffs, individually and on behalf of the nationwide Class, requests that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs and the nationwide Class members any money that Defendant acquired by unfair competition, including restitution and/or restitutionary disgorgement.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warrant of Merchantability**
**(Brought on behalf of the Nationwide Class)**

84. Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

85. Plaintiffs bring this Count on behalf of the nationwide Class.

86. A warranty that the Class Vehicles were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law.

87. These Class Vehicles, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

88. As a direct and proximate result of the Defendant's breach of the implied warranty of merchantability, Plaintiffs and the other Class members have been damaged in an amount to be proven at trial.

CLASS ACTION COMPLAINT                                        - 17 -

## SIXTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Fitness for a Particular Purpose
### (Brought on behalf of the Nationwide Class)

89.    Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

90.    Plaintiffs bring this Count on behalf of the nationwide Class.

91.    Defendant held themselves out as having knowledge of automobiles.

92.    A warranty that the Class Vehicles were fit for the particular purpose of driving safely is implied by law.

93.    These Class Vehicles, when sold or leased and at all times thereafter, were not fit for the particular purpose of driving safely.

94.    As a direct and proximate result of the Defendant's breach of the implied warranty of fitness for a particular purpose, Plaintiffs and the other Class members have been damaged in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Unfair and Deceptive Acts and Practices Under The Various State Laws In Which Class Members Reside, If The Court Eventually Determines That The Laws Of A Consumers' Residence Apply To Defendant's Wrongful, Unfair, And Deceptive Acts

97.    Each of the above allegations is incorporated herein.

98.    As the choice of law question cannot be conclusively addressed at this point in the litigation, Plaintiffs state the following alternative causes of action under the laws of the states of residence of Class members, if it is later determined by the Court that the choice of law rules require the application of these state laws.

99.    The practices discussed above, including, but not limited to, Hyundai's undisclosed steering defect, all constitute unfair competition or unfair, unconscionable, deceptive, fraudulent, or unlawful acts or business practices in violation of the state consumer protection statutes listed in ¶¶ 100 – 145 below.

CLASS ACTION COMPLAINT                                                    - 18 -

100.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Statutes § 45.50.471, *et seq.*  In particular, Alaska law provides:

> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful.  (b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts: . . . (4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (8) advertising goods or services with intent not to sell them as advertised; . . . (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services; (12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged; . . . (15) knowingly making false or misleading statements concerning the need for parts, replacement, or repair service . . . .

Alaska Stat. § 45.50.471.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant violated Alaska Statutes Annotated § 45.50.471.

101.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Arizona Revised Statutes § 44-1521, *et seq.* Particularly, Arizona law prohibits "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in

CLASS ACTION COMPLAINT                                                    - 19 -

connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." Ariz. Rev. Stat. Ann. § 44-1522(A). By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant violated Arizona Revised Statute Annotated § 44-1522(A).

102.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code Annotated § 4-88-101, *et seq.* In particular, Arkansas law provides:

> Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following: (1) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style, or model; . . . (3) Advertising the goods or services with the intent not to sell them as advertised; . . . (10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade. . . .

Ark. Code Ann. § 4-88-107.

Arkansas law further provides, "[w]hen utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following shall be unlawful: (1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." Ark. Code Ann. § 4-88-108. By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant violated Arkansas Code Annotated §§ 4-88-107, 4-88-108.

103.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices or has made false representations in violation of Colorado Revised Statutes § 6-1-101, et seq. In particular, Colorado law provides:

> A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person: . . . (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another; . . . (i) Advertises goods, services, or property with intent not to sell them as advertised; . . . (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction . . . .

Colo. Rev. Stat. § 6-1-105.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Colorado Revised Statutes § 6-1-105.

104.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Statutes of Connecticut § 42-110a, *et seq.*  In particular, Connecticut law provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Conn. Gen. Stat. § 42-110b(a).  By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated the General Statutes of Connecticut § 42-110b.

105.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Delaware Code Annotated Title 6, § 2511, *et seq.* In particular, Delaware law provides that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with

1  the sale, lease or advertisement of any merchandise, whether or not any person has

2  in fact been misled, deceived or damaged thereby, is an unlawful practice." Del.

3  Code Ann. Tit. 6, § 2513(a).  By engaging in the practices discussed above,

4  including, but not limited to, Hyundai's failure to disclose the steering defect,

5  Defendant has violated Delaware Code Annotated Title 6, § 2513(a).

6      106.    Defendant has engaged in unfair competition or unfair or deceptive

7  acts or practices or made false representations in violation of District of Columbia

8  Code § 28-3901, *et seq*.  Particularly, District of Columbia law provides:

> It shall be a violation of this chapter, whether or not any consumer is
> in fact misled, deceived or damaged thereby, for any person to: (a)
> represent that goods or services have a source, sponsorship, approval,
> certification, accessories, characteristics, ingredients, uses, benefits, or
> quantities that they do not have; . . . (d) represent that goods or
> services are of particular standard, quality, grade, style, or model, if in
> fact they are of another; (e) misrepresent as to a material fact which
> has a tendency to mislead; . . . (f) fail to state a material fact if such
> failure tends to mislead; . . . (h) advertise or offer goods or services
> without the intent to sell them or without the intent to sell them as
> advertised or offered . . . .

17  D.C. Code § 28-3904.

18  By engaging in the practices discussed above, including, but not limited to,

19  Hyundai's failure to disclose the steering defect, Defendant has violated District of

20  Columbia Code § 28-3904.

21      107.    Defendant has engaged in unfair competition or unfair or deceptive

22  acts or practices in violation of Florida Statutes § 501.201, *et seq*.  In particular,

23  Florida law provides, "[u]nfair methods of competition, unconscionable acts or

24  practices, and unfair or deceptive acts or practices in the conduct of any trade or

25  commerce are hereby declared unlawful."  Fla. Stat. § 501.204(1).  By engaging in

26  the practices discussed above, including, but not limited to, Hyundai's failure to

27  disclose the steering defect, Defendant has violated Florida Statutes § 501.204(1).

28      108.    Defendant has engaged in unfair competition or unfair or deceptive

CLASS ACTION COMPLAINT                                                    - 22 -

acts or practices in violation of Georgia Code Annotated §10-1-390, et seq.  In particular, Georgia law provides:

> (a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised.

Ga. Code Ann. § 10-1-372.

Georgia law further provides:

> (a) Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful. (b) By way of illustration only and without limiting the scope of subsection (a) of this Code section, the following practices are declared unlawful: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised . . . .

Ga. Code Ann. § 10-1-393(a).

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Georgia Code Annotated §§ 10-1-372, 10-1-393(a).

109.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Revised Statutes § 480-1, *et seq.*  In particular, Hawaii law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2.  Hawaii law further provides:

> (a) A person engages in a deceptive trade practice when, in the course

CLASS ACTION COMPLAINT                                          - 23 -

of the person's business, vocation, or occupation, the person: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Haw. Rev. Stat. § 481A-3.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Hawaii Revised Statutes §§ 480-2, 481A-3.

110.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code Annotated § 48-601, *et seq.*  In particular, Idaho law provides:

The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is: . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . ; . . . (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer . . . .

Idaho Code Ann. § 48-603.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Idaho Code Annotated § 48-603.

111.   Defendant has engaged in unfair competition or unfair or deceptive

CLASS ACTION COMPLAINT                                                        - 24 -

1  acts or practices in violation of 815 Illinois Compiled Statutes 505/1, *et seq.*  In

2  particular, Illinois law provides:

3          Unfair methods of competition and unfair or deceptive acts or
        practices, including but not limited to the use or employment of any
4          deception, fraud, false pretense, false promise, misrepresentation or
        the concealment, suppression or omission of any material fact, with
5          intent that others rely upon the concealment, suppression or omission
        of such material fact, or the use or employment of any practice
6          described in Section 2 of the 'Uniform Deceptive Trade Practices
        Act', approved August 5, 1965, [footnote] in the conduct of any trade
7          or commerce are hereby declared unlawful whether any person has in
        fact been misled, deceived or damaged thereby. . . .

8

9

10  815 Ill. Comp. Stat. 505/2.

11  By engaging in the practices discussed above, including, but not limited to,

12  Hyundai's failure to disclose the steering defect, Defendant has violated 815

13  Illinois Compiled Statutes 505/2.

14          112.   Defendant has engaged in unfair competition or unfair or deceptive

15  acts or practices in violation of Indiana Code § 24-5-0.5-1, *et seq.*  In particular,

16  Indiana law provides:

17          (a) The following acts or representations as to the subject matter of a
        consumer transaction, made orally, in writing, or by electronic
18          communication, by a supplier, are deceptive acts: (1) That such
        subject of a consumer transaction has sponsorship, approval,
19          performance, characteristics, accessories, uses, or benefits it does not
        have which the supplier knows or should reasonably know it does not
20          have.  (2) That such subject of a consumer transaction is of a
        particular standard, quality, grade, style, or model, if it is not and if
21          the supplier knows or should reasonably know that it is not. . . . (11)
        That the consumer will be able to purchase the subject of the
22          consumer transaction as advertised by the supplier, if the supplier
        does not intend to sell it.
23

24

25

26  Ind. Code § 24-5-0.5-3.

27  By engaging in the practices discussed above, including, but not limited to,

28  Hyundai's failure to disclose the steering defect, Defendant has violated Indiana

CLASS ACTION COMPLAINT                                                    - 25 -

Code § 24-5-0.5-3.

113.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Statutes Annotated § 50-623, *et seq.*  In particular, Kansas law provides:

> (a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction; (b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled: (1) Representations made knowingly or with reason to know that: (A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; . . . (D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation; . . . (F) property or services has uses, benefits or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation; or (G) use, benefit or characteristic of property or services has been proven or otherwise substantiated unless the supplier relied upon and possesses the type and amount of proof or substantiation represented to exist; (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact; (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . .

Kan. Stat. Ann. § 50-626. By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Kansas Statutes Annotated § 50-626.

114.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kentucky Revised Statutes Annotated § 367.110, *et seq.*  In particular, Kentucky law provides, "(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.  (2) For the purposes of this section, unfair shall be construed to mean unconscionable." Ky. Rev. Stat. Ann. § 367.170.  By engaging in the

CLASS ACTION COMPLAINT                                              - 26 -

1    practices discussed above, including, but not limited to, Hyundai's failure to

2    disclose the steering defect, Defendant has violated Kentucky Revised Statutes

3    Annotated § 367.170.

4    115.    Defendant has engaged in unfair competition or unfair or deceptive

5    acts or practices in violation of Louisiana Revised Statutes Annotated § 51:1401, *et*

6    *seq*.  Particularly, Louisiana law provides, "Unfair methods of competition and

7    unfair or deceptive acts or practices in the conduct of any trade or commerce are

8    hereby declared unlawful."  La. Rev. Stat. Ann. § 51:1405A.  By engaging in the

9    practices discussed above, including, but not limited to, Hyundai's failure to

10   disclose the steering defect, Defendant has violated Louisiana Revised Statutes

11   Annotated § 51:1405A.

12   116.    Defendant has engaged in unfair competition or unfair or deceptive

13   acts or practices in violation of Maine Revised Statutes Annotated Title 5, § 205-A,

14   *et seq.*  In particular, Maine law provides, "Unfair methods of competition and

15   unfair or deceptive acts or practices in the conduct of any trade or commerce are

16   declared unlawful."  Me. Rev. Stat. Ann. tit. 5, § 207.  By engaging in the practices

17   discussed above, including, but not limited to, Hyundai's failure to disclose the

18   steering defect, Defendant has violated Maine Revised Statutes Annotated Title 5,

19   § 207.

20   117.    Defendant has engaged in unfair competition or unfair or deceptive

21   acts or practices in violation of Maryland Code Annotated, Commercial Law § 13-

22   101, *et seq*.  In particular, Maryland law provides:

23          Unfair or deceptive trade practices include any: (1) False, falsely
             disparaging, or misleading oral or written statement, visual
24          description, or other representation of any kind which has the
             capacity, tendency, or effect of deceiving or misleading consumers;
25          (2) Representation that: (i) Consumer goods, consumer realty, or
             consumer services have a sponsorship, approval, accessory,
26          characteristic, ingredient, use, benefit, or quantity which they do not
             have; . . . or . . . (iv) Consumer goods, consumer realty, or consumer
27
28

services are of a particular standard, quality, grade, style, or model which they are not; (3) Failure to state a material fact if the failure deceives or tends to deceive; . . . (5) Advertisement or offer of consumer goods, consumer realty, or consumer services: (i) Without intent to sell, lease, or rent them as advertised or offered; . . . (9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with: (i) The promotion or sale of any consumer goods, consumer realty, or consumer service . . . .

Md. Code Ann., Com. Law § 13-301.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Maryland Code Annotated, Commercial Law § 13-301.

118.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of the General Laws of Massachusetts Chapter 93A, § 1, *et seq.*  In particular, Massachusetts law provides, "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Mass. Gen. Laws Ch. 93A, § 2.  By engaging in the practices discussed above, including, but not limited to, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated the General Laws of Massachusetts Chapter 93A, § 2.

119.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Michigan Compiled Laws § 445.901, *et seq.*  In particular, Michigan law provides:

(1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows: . . . (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. . . . (g) Advertising or representing goods or services with intent not to dispose of those

CLASS ACTION COMPLAINT                                                          - 28 -

goods or services as advertised or represented. . . . . (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer. . . . . (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is. . . . (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

Mich. Comp. Laws § 445.903.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Michigan Compiled Laws § 445.903.

120.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Minnesota Statutes § 8.31, *et seq*.  In particular, Minnesota law provides:

A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person: . . . (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) advertises goods or services with intent not to sell them as advertised; . . . or (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Minn. Stat. § 325D.44, sub. 1.

Minnesota law further provides:

Any person, firm, corporation, or association who, with intent to sell or in anywise dispose of merchandise, securities, service, or anything offered by such person, firm, corporation, or association, directly or indirectly, to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates,

CLASS ACTION COMPLAINT                                                      - 29 -

circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, or in any other way, an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public, for use, consumption, purchase, or sale, which advertisement contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading, shall, whether or not pecuniary or other specific damage to any person occurs as a direct result thereof, be guilty of a misdemeanor, and any such act is declared to be a public nuisance and may be enjoined as such.

Minn. Stat. § 325F.67.

Minnesota law provides as well that "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable . . . ."  Minn. Stat. § 325F.69, sub. 1.  By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Minnesota Statutes §§ 325D.44, sub. 1, 325F.67, 325F.69, sub. 1.

121.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Missouri Revised Statutes § 407.010, *et seq.*  In particular Missouri law provides, "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . , in or from the state of Missouri, is declared to be an unlawful practice. . . ."  Mo. Rev. Stat. § 407.020.1.  By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Missouri Revised Statutes § 407.020.1.

122.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code Annotated § 30-14-101, *et seq*.  In particular, Montana law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Mont. Code Ann. § 30-14-103.  By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Montana Code Annotated § 30-14-103.

123.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Revised Statutes § 59-1601, *et seq*.  In particular, Nebraska law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."  Neb. Rev. Stat. § 59-1602.  Nebraska law further provides:

> (a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (c) This section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this state.

Neb. Rev. Stat. § 87-302.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Nebraska Revised Statutes §§ 59-1602, 87-302.

124.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nevada Revised Statutes § 598.0903, *et seq*. Nevada law provides in particular:

> A person engages in a "deceptive trade practice" if, in the course of his business or occupation, he: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false

1        representation as to the sponsorship, approval, status, affiliation or
2        connection of a person therewith. . . . 7. Represents that goods or
        services for sale or lease are of a particular standard, quality or grade,
3        or that such goods are of a particular style or model, if he knows or
4        should know that they are of another standard, quality, grade, style or
        model. . . . 9. Advertises goods or services with intent not to sell or
5        lease them as advertised. . . . 15. Knowingly makes any other false
6        representation in a transaction. . . .

7 Nev. Rev. Stat. § 598.0915.

8 By engaging in the practices discussed above, including, but not limited to,

9 Hyundai's failure to disclose the steering defect, Defendant has violated Nevada

10 Revised Statutes § 598.0915.

11      125.   Defendant has engaged in unfair competition or unfair or deceptive

12 acts or practices in violation of New Hampshire Revised Statutes Annotated § 358-

13 A:1, *et seq.* Particularly, New Hampshire law provides:

14        It shall be unlawful for any person to use any unfair method of
15        competition or any unfair or deceptive act or practice in the conduct of
        any trade or commerce within this state.  Such unfair method of
16        competition or unfair or deceptive act or practice shall include, but is
17        not limited to, the following: . . . V. Representing that goods or
        services have sponsorship, approval, characteristics, ingredients, uses,
18        benefits, or quantities that they do not have . . . ; . . . VII. Representing
19        that goods or services are of a particular standard, quality, or grade, or
        that goods are of a particular style or model, if they are of another; . . .
20        IX. Advertising goods or services with intent not to sell them as
21        advertised . . . .

22 N.H. Rev. Stat. Ann. § 358-A:2.

23 By engaging in the practices discussed above, including, but not limited to,

24 Hyundai's failure to disclose the steering defect, Defendant has violated New

25 Hampshire Revised Statutes Annotated § 358-A:2.

26      126.   Defendant has engaged in unfair competition or unfair,

27 unconscionable, or deceptive acts or practices in violation of New Jersey Statutes

28 Annotated § 56:8-1, *et seq.* Particularly, New Jersey law provides:

CLASS ACTION COMPLAINT                                    - 32 -

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8-2.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated New Jersey Statutes Annotated § 56:8-2.

127.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Statutes § 57-12-1, *et seq.*  In particular, New Mexico law provides:

> D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person and includes: . . . (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another; . . . (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive; . . . E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services . . . : (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid.

N.M. Stat. § 57-12-2.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated New Mexico Statutes § 57-12-2.

128.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of New York General Business Law § 349, *et seq.*  In particular, New York law provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. Law § 349.  By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated New York General Business Law § 349.

129.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina General Statutes § 75-1.1, *et seq.* In particular, North Carolina law provides, "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."  N.C. Gen. Stat. § 75-1.1(a).  By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated North Carolina General Statutes § 75-1.1(a).

130.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of North Dakota Century Code § 51-15-01, *et seq.*  In particular, North Dakota law provides:

> The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

N.D. Cent. Code § 51-15-02.

1    By engaging in the practices discussed above, including, but not limited to,

2    Hyundai's failure to disclose the steering defect, Defendant has violated North

3    Dakota Century Code § 51-15-02.

4        131.    Defendant has engaged in unfair competition or unfair or deceptive

5    acts or practices in violation of Ohio Revised Code Annotated § 1345.01, *et seq*.

6    In particular, Ohio law provides, "No supplier shall commit an unfair or deceptive

7    act or practice in connection with a consumer transaction. Such an unfair or

8    deceptive act or practice by a supplier violates this section whether it occurs

9    before, during, or after the transaction." Ohio Rev. Code Ann. § 1345.02(a). By

10   engaging in the practices discussed above, including, but not limited to, Hyundai's

11   failure to disclose the steering defect, Defendant has violated Ohio Revised Code

12   Annotated § 1345.02(a).

13       132.    Defendant has engaged in unfair competition or unfair or deceptive

14   acts or practices or made false representations in violation of Oklahoma Statutes

15   Title 15, § 751, *et seq*. In particular, Oklahoma law provides:

16               As used in the Oklahoma Consumer Protection Act: . . . 13.
17               "Deceptive trade practice" means a misrepresentation, omission or
                 other practice that has deceived or could reasonably be expected to
18               deceive or mislead a person to the detriment of that person. Such a
                 practice may occur before, during or after a consumer transaction is
19               entered into and may be written or oral; 14. "Unfair trade practice"
                 means any practice which offends established public policy or if the
20               practice is immoral, unethical, oppressive, unscrupulous or
21               substantially injurious to consumers. . . .

22   Okla. Stat. Tit. 15, § 752.

23   Oklahoma law further provides:

24               A person engages in a practice which is declared to be unlawful under
                 the Oklahoma Consumer Protection Act, Section 751 et seq. of this
25               title, when, in the course of the person's business, the person: . . . 5.
26               Makes a false representation, knowingly or with reason to know, as to
                 the characteristics, ingredients, uses, benefits, alterations, or quantities
27               of the subject of a consumer transaction . . . ; . . . 7. Represents,
                 knowingly or with reason to know, that the subject of a consumer
28

CLASS ACTION COMPLAINT                                                    - 35 -

transaction is of a particular standard, style or model, if it is of another; 8. Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised; . . . 20. Commits an unfair or deceptive trade practice as defined in Section 752 of this title . . . .

Okla. Stat. Tit. 15, § 753.

It continues to provide:

A. A person engages in a deceptive trade practice when in the course of business, vocation, or occupation, the person: . . . 5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith; . . . 7. Represents that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another; . . . C. The deceptive trade practices listed in this section are in addition to and do not limit the types of unfair trade practices actionable at common law or under other statutes of this state.

Okla. Stat. Tit. 78, § 53.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Oklahoma Statutes Titles 15, §§ 752 and 753, 78, § 53.

133.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Oregon Revised Statutes § 646.605, *et seq.*  In particular, Oregon law provides, "A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person: (1) Employs any unconscionable tactic in connection with the sale, rental or other disposition of real estate, goods or services . . . ."  Or. Rev. Stat. § 646.607.

Oregon law further provides:

(1) A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following: . . . (e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits,

quantities or qualities that they do not have . . . . (g) Represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if they are of another. . . . (t) Concurrent with tender or delivery of any real estate, goods or services fails to disclose any known material defect or material nonconformity. (u) Engages in any other unfair or deceptive conduct in trade or commerce.

Or. Rev. Stat. § 646.608.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Oregon Revised Statutes §§ 646.607, 646.608.

134.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Pennsylvania Statutes Annotated Title 73, § 201-1, *et seq*.  In particular, Pennsylvania law provides:

(4) "Unfair methods of competition" and "unfair or deceptive acts or practices" mean any one or more of the following: . . . (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

Pa. Stat. Ann. Tit. 73, § 201-2.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Pennsylvania Statutes Annotated Title 73, § 201-2.

135.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Rhode Island General Laws § 6-13.1-1, *et seq*.  In particular, Rhode Island law provides:

As used in this chapter: . . . (6) "Unfair methods of competition and unfair or deceptive acts or practices" means any one or more of the

following: (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (vii) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (ix) Advertising goods or services with intent not to sell them as advertised; . . . (xii) Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding; (xiii) Engaging in any act or practice that is unfair or deceptive to the consumer; (xiv) Using any other methods, acts or practices which mislead or deceive members of the public in a material respect; . . . (xvii) Advertising claims concerning safety, performance, and comparative price unless the advertiser, upon request by any person, the consumer council, or the attorney general, makes available documentation substantiating the validity of the claim . . . .

R.I. Gen. Laws § 6-13.1-1.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Rhode Island General Laws § 6-13.1-1.

136.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of South Carolina Code Annotated § 39-5-10, *et seq.* In particular, South Carolina law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. . . ." S.C. Code Ann. § 39-5-20.  By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated South Carolina Code Annotated § 39-5-20.

137.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of South Dakota Codified Laws § 37-24-1, *et seq.*  In particular, South Dakota law provides:

It is a deceptive act or practice for any person to: (1) Knowingly and intentionally act, use, or employ any deceptive act or practice, fraud,

CLASS ACTION COMPLAINT                                                    - 38 -

false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived, or damaged thereby.

S.D. Codified Laws § 37-24-6(1).

By engaging in the practices discussed above, including, but not limited to, Hyundai's undisclosed steering defect, Defendant has violated South Dakota Codified Laws § 37-24-6(1).

138.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tennessee Code Annotated § 47-18-101, *et seq.*  In particular, Tennessee law provides:

(b) Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part . . . (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertising goods or services with intent not to sell them as advertised; . . . (21) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services; . . . (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person . . . .

Tenn. Code Ann. § 47-18-104.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Tennessee Code Annotated § 47-18-104.

139.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Annotated § 13-11-1, *et seq.*  In

CLASS ACTION COMPLAINT                                                          - 39 -

particular, Utah law provides:

> (1) A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction.  (2) Without limiting the scope of Subsection (1), a supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; (b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; . . .(e) indicates that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not; . . . (j) . . . (ii) fails to honor a warranty or a particular warranty term . . . .

Utah Code Ann. § 13-11-4.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Utah Code Annotated § 13-11-4.

140.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vermont Statutes Annotated Title 9, § 2451, *et seq*. In particular, Vermont law provides, "(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful."  Vt. Stat. Ann. Tit. 9, § 2453.  By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Vermont Statutes Annotated Title 9, § 2453.

141.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Virginia Code Annotated § 59.1-196, *et seq*.  In particular, Virginia law provides:

> A. The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful: . . . 5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; 6. Misrepresenting that goods or services are of a particular standard,

CLASS ACTION COMPLAINT                                          - 40 -

quality, grade, style, or model; 7. Advertising or offering for sale goods that are used, secondhand, repossessed, defective, blemished, deteriorated, or reconditioned, or that are "seconds," irregulars, imperfects, or "not first class," without clearly and unequivocally indicating in the advertisement or offer for sale that the goods are used, secondhand, repossessed, defective, blemished, deteriorated, reconditioned, or are "seconds," irregulars, imperfects or "not first class"; 8. Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised. . . . 14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction . . . .

Va. Code Ann. § 59.1-200.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Virginia Code Annotated § 59.1-200.

142.   Defendant has engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Washington Revised Code. § 19.86.010, *et seq.* Particularly, Washington law provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code § 19.86.020. By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Washington Revised Code § 19.86.020.

143.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.* In particular, West Virginia law provides:

(7) "Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but is not limited to, any one or more of the following: . . . (E) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ; . . . (G) Representing that goods

CLASS ACTION COMPLAINT — 41 —

or services are of a particular standard, quality or grade, or that goods are of a particular style or model if they are of another; . . . (I) Advertising goods or services with intent not to sell them as advertised; . . . (L) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; . . . (M) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby . . . .

W. Va. Code § 46A-6-102.

By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated West Virginia Code § 46A-6-102.

144.    Defendant has engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wisconsin Statutes § 100.20, *et seq.* Particularly, Wisconsin law provides, "Methods of competition in business and trade practices in business shall be fair. Unfair methods of competition in business and unfair trade practices in business are hereby prohibited." Wis. Stat. § 100.20(1). By engaging in the practices discussed above, including, but not limited to, Hyundai's failure to disclose the steering defect, Defendant has violated Wisconsin Statutes § 100.20(1).

145.    Defendant has engaged in unfair competition or unfair, deceptive, or fraudulent acts or practices in violation of Wyoming Statutes Annotated § 40-12-101, *et seq.* In particular, Wyoming law provides:

(a) A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly: (i) Represents that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have; . . . (iii) Represents that merchandise is of a particular

1  standard, grade, style or model, if it is not; . . . (x) Advertises
2  merchandise with intent not to sell it as advertised; . . . or . . . (xv)
   Engages in unfair or deceptive acts or practices.

3

4  Wyo. Stat. Ann. § 40-12-105.

5  By engaging in the practices discussed above, including, but not limited to,

6  Hyundai's undisclosed steering defect, Defendant has violated Wyoming Statutes

7  Annotated § 40-12-105.

8      146.   Plaintiffs and members of the Class have been injured by reason of

9  General Motors' unfair and deceptive acts and practices in regard to its sale of the

10 Vehicles without proper disclosure, without which consumers would not have

11 bought the machines or would have been unwilling to pay the price they, in fact,

12 purchased them for.  These injuries are of the type that the above state consumer

13 protection statutes were designed to prevent and are the direct result of General

14 Motors' unlawful conduct.

15                    **EIGHTH CLAIM FOR RELIEF**
                        **Fraudulent Concealment**
16             **(Brought on behalf of the Nationwide Class)**

17

18     147.   Plaintiffs reallege and incorporate by reference each preceding

19 paragraph as though fully set forth herein.

20     148.   As alleged above, Defendant knew about the inherent steering system

21 defect in the Vehicles at all relevant times.

22     149.   As alleged above, Defendant has intentionally concealed the inherent

23 steering system defect from Plaintiffs and the Class and failed to disclose it to

24 them.

25     150.   As alleged above, Defendant had a duty to disclose the inherent

26 steering system defect in the Vehicles to Plaintiffs and the Class.

27     151.   As a direct and proximate result of Defendant's intentional

28 concealment of the steering system defect in the Vehicles from Plaintiffs and the

CLASS ACTION COMPLAINT                                              - 43 -

1 Class and failure to disclose it to them, Plaintiffs and the Class have paid extra for
2 the Vehicles, incurred and/or will incur substantial steering system-related parts
3 and labor costs, and incurred diminution in value damages.

4      152.   Because the information Defendant concealed and failed to disclose is
5 material, it should be presumed that Plaintiffs and the Class members relied on
6 Defendant's concealment and omissions, and that Defendant's concealment and
7 omissions caused the damages sustained by Plaintiffs and the Class members.

8      153.   As Defendant's conduct was intentional, Plaintiffs and the nationwide
9 Class are also entitled to and seek punitive damages.

10                    **NINTH CLAIM FOR RELIEF**
                          **Unjust Enrichment**
11          **(Brought on behalf of the Nationwide Class)**
12

13     154.   Plaintiffs reallege and incorporate by reference each preceding
14 paragraph as though set forth at length herein.

15     155.   Plaintiffs and the Class members conferred benefits on Defendant
16 when they purchased or leased Vehicles with defective steering systems.

17     156.   Plaintiffs and the Class also conferred benefits on Defendant when
18 they purchased steering system defect-related parts and labor costs to Defendant or
19 their agents or affiliates.

20     157.   Under the circumstances, it would be against equity and good
21 conscience to permit Defendant to retain the entirety of the benefits conferred on it
22 when Plaintiffs and the Class purchased or leased Vehicles given that Defendant
23 knew of the inherent steering  system defect in the Vehicles but intentionally
24 concealed that material information from Plaintiffs and the Class and failed to
25 disclose it to them in order to induce them to purchase the Vehicles, and Plaintiffs
26 and the Class members would not have purchased the Vehicles if they had known
27 of the steering  system defect.
28

CLASS ACTION COMPLAINT                                              - 44 -

1    158.   It would therefore be unjust and inequitable for Defendant to retain all

2  of the benefits they received and not provide restitution to Plaintiffs and the

3  nationwide Class.

4  **VI.   JURY DEMAND**

5      Plaintiffs demand a trial by jury.

6  **VII.  PRAYER FOR RELIEF**

7      WHEREFORE, Plaintiffs, individually and on behalf of the Class, request

8  that the Court order the following relief and enter judgment against Defendant as

9  follows:

10      A.    Declaring that this action is a proper class action, certifying the

11  nationwide Class, designating Plaintiffs as representatives of the nationwide Class,

12  and appointing Plaintiffs' attorneys as Class Counsel;

13      B.    Enjoining Defendant from continuing the unfair business practices

14  alleged in this complaint and requiring Defendant to institute a recall or otherwise

15  repair the Vehicles;

16      C.    Ordering Defendant to pay monetary damages to Plaintiffs and

17  members of the nationwide Class;

18      D.    Ordering Defendant to pay an award of reasonable attorneys' fees and

19  costs of this action; and

20      E.    Ordering such other and further relief as the Court deems necessary,

21  just, and proper.

22  Dated:  June 8, 2017          Respectfully submitted,

23

24                     **FARUQI & FARUQI, LLP**

                          By: */s/ Barbara A. Rohr*

25                         Barbara A. Rohr, SBN 273353

26                   10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

27                   Telephone: (424) 256-2884
Facsimile: (424) 256-2885

28                   Email: brohr@faruqilaw.com

Innessa Melamed
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: imelamed@faruqilaw.com

Bonner Walsh
**WALSH LLC**
21810 Pine Crest Dr.
Bly, Oregon 97622
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
Email:  bonner@walshpllc.com

Adam Gonnelli
**THE SULTZER LAW GROUP, PC**
280 Highway 35, Suite 304
Red Bank, NJ 07701
Telephone: (732) 741-4290
Facsimile: (888) 749-7747
Email: gonnellia@thesultzerlawgroup.com

Laura R. Reznick
**LEEDS BROWN LAW, P.C.**
1 Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
Email: lreznick@leedsbrownlaw.com

CLASS ACTION COMPLAINT

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Houston D. Vinci, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of Oregon. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place for trial because Defendant is headquartered in Fountain Valley, California, located in the Southern District of California ("District"), and Defendant conducts a substantial amount of business in this District.

3.      In 2015, I purchased a used 2013 Hyundai Accent, and, in 2016, I was in an accident due to the failure of the steering/braking system. At all relevant times, Defendant took part in the promotion, sale, marketing and distribution of the Vehicles in this District. Moreover, Defendant's wrongful conduct foreseeably affected consumers in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on March 28, 2017 at Beaverton, Oregon.

Houston D. Vinci

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Jaehan Ku, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the country of Korea, attending school in the United States on a Student Visa.  I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place for trial because Defendant is headquartered in Fountain Valley, California, located in the Southern District of California ("District"), and Defendant conducts a substantial amount of business in this District.

3.      In 2014, I purchased a new 2014 Hyundai Elantra, and, in 2016, I was in an accident due to the failure of the steering system.  At all relevant times, Defendant took part in the promotion, sale, marketing and distribution of the Vehicles in this District.  Moreover, Defendant's wrongful conduct foreseeably affected consumers in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on March 10, 2017 at Portland, Oregon.

_____
Jaehan Ku