Benjamin Heikali, SBN 273353
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: bheikali@faruqilaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON VINCI and JAEHAN KU on behalf of themselves and those similarly situated, <br><br> Plaintiffs. <br><br> v. <br><br> HYUNDAI MOTOR AMERICA AND DOES 1 through 100, <br><br> Defendant. | CASE NO. 8:17-cv-00997-DOC-KESx <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date: December 18, 2017 <br> Time: 8:30 a.m. <br> Judge: Hon. David O. Carter <br> Courtroom: 9D, 9th Floor |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE
ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................. 1

II.   STANDARDS ON A MOTION TO STRIKE ................................. 1

III.  PLAINTIFFS HAVE STANDING TO REPRESENT CLASS
      MEMBERS IN OTHER STATES BESIDES OREGON ........................... 2

      A.   The Choice Of Law Analysis Is Not Dispositive Of
           Class Claims ............................................................. 3

      B.   It Is Too Early To Conduct The Choice Of Law Analysis, Let
           Alone The Class Certification Analysis, Because Discovery
           Has Not Occurred ....................................................... 5

      C.   The Weight Of Authority In California Favors Waiting Until
           The Class Certification Stage ........................................ 7

IV.   PLAINTIFFS HAVE PROPERLY PLED CLAIMS UNDER THE
      VARIOUS STATE CONSUMER PROTECTION ACTS ........................... 8

      A.   Plaintiffs' Claims Under the UPTA Are Timely ................. 8

      B.   Plaintiffs' Claims Under The Consumer Protection Acts Are
           Properly Pled .......................................................... 10

           1.   Plaintiffs' Claims Are Subject To Rule 8 ................. 10

           2.   Plaintiffs Satisfy The Pleading Requirements Of
                Rule 9(b) ......................................................... 11

           3.   Plaintiffs Properly Plead UTPA Claims For
                Non-Disclosures ............................................... 13

      C.   The Privity Defense To The Warranty Claims Fails ........... 14

      D.   Plaintiffs Have Pleaded A Breach Of The Implied Warranty
           Of Merchantability ................................................... 16

      E.   Plaintiffs Have Pleaded A Breach Of The Implied Warranty Of
           Fitness For Particular Purpose .................................... 18

      F.   Plaintiffs' Magnuson-Moss Claims Should Not Be Dismissed .......... 18

G.   Equitable Relief is Appropriate Because the Remedies Are Cumulative And Plaintiffs Are Permitted To Plead In The Alternative.............................................................................. 18

H.   Plaintiffs Have Pleaded The Breach Of The Express Warranty......... 20

1.   Plaintiffs Are Within The Express Warranty's Limitation ...... 20

2.   Hyundai Had Notice Before Litigation .................................... 21

I.   Plaintiffs Request Leave to Amend .................................................... 21

V.   CONCLUSION .............................................................................................. 21

# TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

*Adkins v. Comcast Corp*.,
   No. 16-cv-05969, 2017 U.S. Dist. LEXIS 137881
   (N.D. Cal. Aug. 1, 2017) ...................................................................... 19

*Am. Suzuki Motor Corp. v. Superior Ct.*,
   37 Cal. App. 4th 1291 (1995) ............................................................... 17

*Artifex Software, Inc. v. Hancom, Inc.*,
   16-cv-06982, 2017 U.S. Dist. LEXIS 62815
   (N.D. Cal. Apr. 25, 2017) .................................................................... 20

*Barber v. Johnson & Johnson Co.*,
   No. 8:16-cv-1954-JLS-JCGx, 2017 U.S. Dist. LEXIS 53591
   (C.D. Cal. Apr. 4, 2017) .................................................................. 6, 7

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009) ................................................................ 17

*Bodin v. B. & L. Furniture Co.*,
   42 Ore. App. 731, 601 P.2d 848 (1979) ............................................... 8, 9

*Brazil v. Dole Food Co.*,
   No. 12-CV-01831, 2013 U.S. Dist. LEXIS 136921
   (N.D. Cal. Sep. 23, 2013) ....................................................................... 8

*Cabrales v. Castle & Cooke Mortg., LLC*,
   1:14-cv-01138, 2015 U.S. Dist. LEXIS 76636
   (E.D. Cal. June 12, 2015) ............................................................... 19, 20

*Chacanaca v. Quaker Oats Co.*,
   752 F. Supp. 2d 1111 (N.D. Cal. 2010) ............................................... 12

*In re Charles Schwab Corp. Sec. Litig.*,
   257 F.R.D. 534 (N.D. Cal. 2009) ........................................................... 6

*Clarizo v. Spada Distrib. Co.*,
   231 Ore. 516, 373 P.2d 689 (1962) ....................................................... 21

*Clark v. State Farm Mut. Auto. Ins. Co.*,
   231 F.R.D. 405 (C.D. Cal. 2005) ...................................................... 2, 3

*Clemens v. DaimerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ........................................................ 18

*Cover v. Windsor Surry Co.*,
   Case No. 14-cv-05262-WHO, 2016 U.S. Dist. LEXIS 16475
   (N.D. Cal. Feb. 10, 2016) ............................................................... 7

*CRM Collateral II, Inc. v. Tri-County Metro. Transp. Dist. of Or.*,
   No. CV 08-1266, 2009 U.S. Dist. LEXIS 85870
   (D. Or. Sep. 18, 2009) ................................................................... 13

*Czuchaj v. Conair Corp.*,
   No. 13-CV-1901, 2014 U.S. Dist. LEXIS 54410
   (S.D. Cal. Apr. 16, 2014) ................................................................ 8

*Daniel v. Ford Motor Co.*,
   806 F.3d 1217 (9th Cir. 2015) ................................................... 16, 17

*Dilley v. Farmers Ins. Group*,
   250 Or 207, 441 P.2d 594 (1968) ..................................................... 9

*Donohue v. Apple, Inc.*,
   871 F. Supp. 2d 913 (N.D. Cal. 2012) .............................................. 5

*Falco v. Nissan N. Am., Inc.*,
   Case No. CV 13-00686, 2013 U.S. Dist. LEXIS 147060
   (C.D. Cal. Oct. 10, 2013) ................................................. 11, 12, 14, 16

*Fonseca v. Goya Foods, Inc.*,
   No. 16-CV-02559-LHK, 2016 U.S. Dist. LEXIS 121716
   (N.D. Cal. Sept. 8, 2016) ................................................................ 6

*Forcellati v Hyland's, Inc.*,
   876 F. Supp. 2d 1155 (C.D. Cal. 2002) ......................................... 4, 7

*Gaha v. Taylor-Johnson Dodge, Inc,.*
   53 Ore. App. 471 (Ore. Ct. App. 1981) ........................................... 14

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE
ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

- iv -

*Glenn v. Hyundai Motor America*,
   No. SA CV 15-2052, 2016 U.S. Dist. LEXIS 181318
   (C.D. Cal. June 24, 2016) ............................................................... 2, 3, 4

*Grodzitsky v. Am. Honda Motor Co.*,
   No. 2:12-cv-1142, 2013 U.S. Dist. LEXIS 33387
   (C.D. Cal. Feb. 19, 2013) .................................................................... 8

*Ho v. Toyota Motor Corp.*,
   931 F. Supp. 2d 987 (N.D. Cal. 2013).............................................. 13

*Hoffman v. Fifth Generation, Inc.*,
   Case No. 14-cv-2569, 2015 U.S. Dist. LEXIS 65398
   (S.D. Cal. Mar. 18, 2015) .................................................................... 7

*Huntzinger v. Aqua Lung America, Inc.*,
   2015 U.S. Dist. LEXIS 167140 (S.D. Cal. Dec. 10, 2015) ............... 12

*Isip v. Mercedes-Benz USA, LLC*,
   155 Cal. App. 4th 19 (2007) ............................................................. 17

*Israel v. Miller*,
   214 Or. 368 (1958) ........................................................................... 21

*Jackson v. Carey*,
   353 F.3d 750 (9th Cir. 2003)............................................................ 21

*Krieger v. Nick Alexander Imports, Inc.*,
   234 Cal. App. 3d 205 (1991) ............................................................ 17

*Linebaugh v. Portland Mortgage Co.*,
   116 Ore. 1, 239 P 196 (1925) ............................................................. 9

*Long v. Graco Children's Prods. Inc.*,
   Case No. 13-cv-01257, 2013 U.S. Dist. LEXIS 121227
   (N.D. Cal. Aug. 26, 2013) ................................................................ 17

*Mathies v. Hoeck*,
   284 Ore. 539, 588 P.2d 1 (1978) ....................................................... 8,

*Mazza v. American Honda Motor Company*,
   666 F.3d 582 (9th Cir. 2012).................................................... 3, 4, 5

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE
ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

- v -

*McKie v. Sears Prot. Co.*,
  No. 10-1531, 2011 U.S. Dist. LEXIS 47967 (D. Or. Feb. 22, 2011)................. 11

*Melendres v. Arpaio*,
  784 F.3d 1254 (9th Cir. 2015) ........................................................................ 2

*Mexia v. Rinker Boat Company, Inc.*,
  174 Cal. App 4th 1297 (2009)....................................................................... 16

*Philips v. Ford Motor Co.*,
  No. 14-CV-02989, 2015 U.S. Dist. LEXIS 88937
  (N.D. Cal. July 7, 2015) ................................................................................ 5

*Precht v. Kia Motors Am., Inc.*,
  No. CV 14-1148, 2014 U.S. Dist. LEXIS 185202
  (C.D. Cal. Nov. 7, 2017) .......................................................................*passim*

*Raudebaugh v. Action Pest Control, Inc.*,
  59 Ore. App. 166, 650 P.2d 1006 (1982) ..................................................... 11

*Rhinerson v. Van's Int'l Foods, Inc.*,
  No. 13-cv-05923-VC, 2014 U.S. Dist. LEXIS 90471
  (N.D. Cal. July 2, 2014) ............................................................................ 6, 8

*Sandoval v. Pharmacare US, Inc.*,
  145 F. Supp. 3d 986 (S.D. Cal. 2015) ......................................................... 12

*Smith v. Ford Motor Co.*,
  749 F. Supp. 2d 980 (N.D. Cal. 2010)......................................................... 13

*Stearns v. Select Comfort Retail Corp.*,
  Case No. 08-cv-2746, 2009 U.S. Dist. LEXIS
  (N.D. Cal. June 5, 2009)............................................................................. 17

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
  17 Cal. 4th 553 (Cal. 1998) ....................................................................... 19

*Swearingen v. Yucatan Foods, L.P.*,
  24 F. Supp. 3d 889 (N.D. Cal. 2014)............................................................ 8

*Thomas v. Ford Motor Credit Co.*,
  48 Md. App. 617 (1981) .............................................................................. 18

*In re: Toyota Motor Corp.*,
    790 F. Supp. 2d 1152 (C.D. Cal. 2011) ............................................................ 13

*Wal–Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ...................................................................................... 7

*Werdebaugh v. Blue Diamond Growers*,
    No. 12-CV-02724, 2013 U.S. Dist. LEXIS 144178
    (N.D. Cal. Oct. 2, 2013) ................................................................................ 7, 8

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) .............................................................................. 2

*Wood v. Baker*,
    217 Ore. 279, 341 P.2d 134 (1959) .................................................................... 9

*Wolverton v. Stanwood*,
    278 Ore. 709, 565 P.2d 755 (1977) .................................................................. 10

**Statutes**

15 U.S.C. § 2301(3) .................................................................................................... 14

Cal. Bus. & Prof. Code § 17205 ................................................................................ 19

Cal. Civ. Code § 1559 ................................................................................................ 15

Cal. Civ. Code § 1780(b) ........................................................................................... 21

Or. Rev. Stat. § 646.638(6) .......................................................................................... 8

49 U.S.C. § 30118 (c) ................................................................................................ 13

U.C.C. § 2-318 cmt. 2 (1992) ..................................................................................... 15

**Other Authorities**

William D. Hawkland & Linda J. Rusch, Uniform Commercial Code
    Series § 2-318:1 (Frederick H. Miller ed., 2010) .............................................. 15

William L. Stallworth, *An Analysis of Warranty Claims Instituted by
    Non-Privity Plaintiffs in Jurisdictions that Have Adopted Uniform
    Commercial Code Section 2-318 (Alternative A)*,
    20 PEPP. L. REV. 1215 (1993) ......................................................................... 15

William L. Stallworth, *An Analysis of Warranty Claims Instituted by Non-Privity Plaintiffs in Jurisdictions that Have Adopted Uniform Commercial Code § 2-318 (Alternatives B & C),* 27 Akron L. Rev. 197 (1993) ............................................................... 15

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

- viii -

## I.    INTRODUCTION

This case is about a safety issue that was known by Hyundai Motor America ("Hyundai") but not disclosed to consumers.  Plaintiffs allege a power steering defect in certain models (the "Vehicles") that causes the wheel to lock and become difficult to turn.  Both plaintiffs, Ms. Vinci and Mr. Ku ("Plaintiffs"), suffered automobile accidents as a result of the defect.  Hyundai knew about the defect because of recalls on the same issue and a large number of complaints with the National Highway Transportation Safety Authority ("NHTSA").

In its motion to dismiss or strike Ms. Vinci's and Mr. Ku's claims and those of the consumers they seek to represent, Hyundai first attacks the standing of the Plaintiffs and their adequacy to represent consumers outside Oregon.  This argument fails because Plaintiffs have Article III standing and the determination of whether and to what extent they can represent consumers in other states is a matter that should await the development of the record and a class certification motion.

Second, Hyundai argues that Plaintiffs' consumer protection and fraud claims have not been adequately pleaded.  This argument fails because Plaintiffs have satisfied the requirements of Rule 9(b) and adequately pleaded Hyundai's knowledge of the defect.

Third, Hyundai challenges Plaintiffs' warranty claims.  This argument fails because under both Oregon law and the Magnuson-Moss Warranty Act, Plaintiffs are not required to be in direct privity with Hyundai and Plaintiffs have adequately pleaded claims for violations of state law warranties.

## II.    STANDARDS ON A MOTION TO STRIKE

When evaluating a pre-discovery motion to strike class allegations, courts

apply the standard applicable to a Rule 12(b)(6) motion to dismiss.[1]  *See Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005) (denying motion to strike, and holding that "when considering a motion to strike, courts must view the pleading in the light more favorable to the pleader") (citation omitted); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (instructing that "courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike" (internal citations omitted)).   Further, a "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation."  *State Farm* at 406.

## III.   PLAINTIFFS HAVE STANDING TO REPRESENT CLASS MEMBERS IN OTHER STATES BESIDES OREGON

Hyundai argues that Plaintiffs do not have Article III standing to assert claims on behalf of consumers in states in which they have not purchased or leased the Vehicles.  Def. Br. at 4.[2]  In making this argument, Hyundai conflates two entirely distinct concepts: Article III standing and the requirements of Rule 23.  The Ninth Circuit, in the context of factual differences, recently clarified the distinction: "[O]nce the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met."  *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 799 (2016).

Plaintiffs' Article III standing is not in dispute.  However, the question of whether Plaintiffs are able to represent consumers in other states is a different one.

---

[1] At the pleading stage they are effectively the same thing.  *See Glenn v. Hyundai Motor America*, No. SA CV 15-2052, 2016 U.S. Dist. LEXIS 181318, at *41 (C.D. Cal. June 24, 2016) (Carter, J.).

[2] Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss or Strike Allegations in Plaintiffs' First Amended Complaint is defined as "Def. Br."  ECF No. 29-1.

1  In asking the Court to dismiss claims brought under the laws in states in which
2  Plaintiffs do not live, Hyundai is really asking the Court to rule on whether the
3  Plaintiffs can represent a national, or even multistate, class.  For the reasons
4  discussed below, that question is appropriately addressed at the class certification
5  stage.

6  **A.  The Choice Of Law Analysis Is Not Dispositive Of Class Claims**

7  In *Glenn v. Hyundai Motor America*, No. SA CV 15-2052, 2016 U.S. Dist.
8  LEXIS 181318, at *14-28 (C.D. Cal. June 24, 2016), this Court conducted a
9  thorough choice of law analysis and determined that the laws of the consumers'
10  states of purchase, not the law of the defendant's home state of California, applied
11  to the claims of non-California class members.  However, a choice of law
12  determination which results in the application of the laws of other states does not
13  mean that Plaintiffs cannot represent a class of consumers in different states.  That
14  determination takes place at the class certification stage under Rule 23.

15  This is because the class certification determination under Rule 23 is different
16  than the conflict of laws analysis undertaken as part of the choice of law
17  determination.  *See State Farm*, 231 F.R.D. at 407 ("Whether [a] [p]laintiff will be
18  able to succeed on a motion for class certification . . . is an entirely separate matter
19  to be decided at a later date.").  *Mazza v. American Honda Motor Company*, 666
20  F.3d 582 (9th Cir. 2012), as relied upon by Defendant, does not require a different
21  result.  In *Mazza*, the issue was predominance under Rule 23, not standing.  The
22  holding of *Mazza*, limited to those "facts and circumstances" developed after
23  discovery, does not in any way preclude class certification where a court is obliged
24  to apply the laws of different states.  Rather, the application of different states' laws
25  is one factor to be considered at the class certification, not the pleading, stage.

26  This is exactly what the Ninth Circuit in *Mazza* did.  It reversed the district
27  court's finding of predominance of common issues in part because of the need to
28

1  apply different states' laws, but largely because of differences in factual issues
2  relating to defendant Honda's advertising campaign. *Id.* at 596. ("We vacate the
3  class certification decision on this ground because common questions of fact do not
4  predominate where an individualized case must be made for each member showing
5  reliance."). Thus, the Court evaluated both the facts and the law to determine that
6  individual issues predominated over classwide ones.

7       Accordingly, the submissions of Hyundai concerning the differences in state
8  laws assist the Court with a conflicts analysis, at best. They do not help with a class
9  certification determination. This is because the decision on class certification does
10  not occur on legal issues alone in a vacuum. Instead, Plaintiffs must be afforded the
11  opportunity to demonstrate that "questions of *law or fact* common to class members
12  predominate over any questions affecting only individual members . . ." Rule
13  23(b)(3) (emphasis added).

14       Thus, if the Court finds, as it did in *Glenn*, that California's choice of law rules
15  mandate the application of the laws of the states of residence of the class members,
16  that is but one factor to be considered in the Rule 23 analysis. And the Rule 23
17  analysis should only be undertaken after a full record is developed.

18       Indeed, the *Mazza* court expressly left open the possibility of class
19  certification of a class or classes consisting of consumers from different states. "We
20  express no view whether on remand it would be correct to certify a smaller class
21  containing only those who purchased or leased Acura RLs in California, or to certify
22  a class with members more broadly but with subclasses for class members in
23  different states, with different jury instruction for materially different bodies of state
24  law." *Id*. at 594. *See also Forcellati v Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159
25  (C.D. Cal. 2002) ("Moreover, should choice-of-law analysis appear to pose
26  problems at the class certification stage, Plaintiff[s] could seek to certify subclasses
27  of putative class members from individual states or subclasses of class members

28

from groups of states with consumer protection laws that are not materially different.").  The outcome of the choice of law analysis informs, but does not determine, the class certification issue.

In addition, Plaintiffs are permitted, even required, to plead class claims in the alternative before the pleadings are settled.  *See Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 923 (N.D. Cal. 2012) ("[B]efore the parties have submitted briefing regarding either choice-of-law or class certification – plaintiff is permitted to assert claims under the laws of different states in the alternative.").  *Cf. Philips v. Ford Motor Co.*, No. 14-CV-02989, 2015 U.S. Dist. LEXIS 88937, at *55 (N.D. Cal. July 7, 2015) (denying motion to strike nationwide claims at pleading stage in part to preserve tolling under *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538 (1974)).

Accordingly, even if the Court's choice of law analysis results in the application of the laws of the consumers' residences, the Court should not strike Plaintiffs' class allegations because differences in state laws alone do not preclude certification of a multistate or national class.  *Mazza* at 596 fn.4 (discussing dissent and noting, "Finally, our opinion does not foreclose in an appropriate case the use of smaller statewide classes of those purchasing in a particular state, or the use of subclasses within a larger class.").

## B. It Is Too Early To Conduct The Choice Of Law Analysis, Let Alone The Class Certification Analysis, Because Discovery Has Not Occurred

The pleadings in this case are not settled.  It is not known which claims will survive motion practice.  In addition, Plaintiffs have not had the benefit of discovery to determine the composition of the class.  Plaintiffs do not know the exact extent of Hyundai's conduct in California and whether it will affect the choice of law analysis. For example, the location of the research, design, testing, assembly, and decision-making may affect the governmental interest analysis.  Further, Hyundai will have logs and studies that will demonstrate when they acquired knowledge of the defect.

Plaintiffs do not know if the Vehicles were sold in all fifty states. *Rhinerson v. Van's Int'l Foods, Inc.*, No. 13-cv-05923-VC, 2014 U.S. Dist. LEXIS 90471, at *3-4 (N.D. Cal. July 2, 2014). For these reasons, it is prudent to wait until some discovery has taken place and a more complete record is established.

Even where differences among state laws have been identified, it is premature to decide which differences will be material, or even relevant, to class certification. *See, e.g., Barber v. Johnson & Johnson Co.*, No. 8:16-cv-1954-JLS-JCGx, 2017 U.S. Dist. LEXIS 53591, at *26 (C.D. Cal. Apr. 4, 2017) (stating "deciding which of these [state law] differences are material to class certification is premature where there has been no discovery"); *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 562 (N.D. Cal. 2009) (denying motion to strike class allegations and holding that "[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion.").

Like in this case,

> [a]lthough the Court could determine now, as a matter of law, whether the laws of the fifty states conflict, there is not yet sufficient information to determine which states' laws will be at issue and which conflicts might be material to this litigation . . . It is possible that, at the class certification stage, the plaintiffs will be able to define the class such that any differences in state law are immaterial. Or they may be able to identify a manageable number of subclasses of residents of states with laws that do not materially differ.

*Rhinerson*, 2014 U.S. Dist. LEXIS 90471, at *3-4.

Because of the lack of discovery and unsettled pleadings, most courts do not apply *Mazza*'s fact-specific class certification ruling to allegations at the pleading stage. *See Fonseca v. Goya Foods, Inc.*, No. 16-CV-02559-LHK, 2016 U.S. Dist. LEXIS 121716, at *8 (N.D. Cal. Sept. 8, 2016) ("This Court has **consistently declined to apply Mazza** at the motion to dismiss stage to strike nationwide class allegations.") (emphasis added); *Werdebaugh v. Blue Diamond Growers*, No. 12-

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

- 6 -

CV-02724, 2013 U.S. Dist. LEXIS 144178, at *56 n.9 (N.D. Cal. Oct. 2, 2013) (stating "This conclusion accords with the Court's conclusion in [*Brazil II*], as well as the conclusions of ***numerous other courts within the Ninth Circuit, which have declined, even after Mazza,*** to conduct the choice-of-law analysis at the pleading stage." and citing cases) (emphasis added); *Forcellati*, 876 F. Supp. 2d at 1159 ("Courts ***rarely undertake*** choice-of-law analysis to strike class claims at this early stage in litigation.") (emphasis added).

Only after adequate discovery can Plaintiffs decide whether to seek the application of California law to the claims of all consumers in the proposed national class (including their own), or seek to group similar states into subclasses.   In addition, only after discovery can the Court undertake the "rigorous analysis" required by *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

## C.   The Weight Of Authority In California Favors Waiting Until The Class Certification Stage

Even Defendant's authorities recognize that "the choice of law analysis is a fact-specific inquiry which requires a more developed factual record than is generally available on a motion to dismiss," and is therefore best addressed at the class certification stage.   *Cover v. Windsor Surry Co.*, Case No. 14-cv-05262-WHO, 2016 U.S. Dist. LEXIS 16475, *14-16 (N.D. Cal. Feb. 10, 2016) (applying choice of law analysis at motion to dismiss stage *only* because "both parties here have had multiple chances to brief the choice of law issues . . . [and] this is not a case in which further development of the factual record is reasonably likely to materially impact the choice of law determination.").

Indeed, the weight of authority in California federal courts favors waiting until class certification.   *See, e.g., Barber*, 2017 U.S. Dist. LEXIS 53591, at *26 (deferring choice of law analysis until discovery taken); *Hoffman v. Fifth Generation, Inc.*, Case No. 14-cv-2569, 2015 U.S. Dist. LEXIS 65398, at *25 (S.D. Cal. Mar. 18,

2015) (declining to strike national class allegations and noting a thorough choice of law analysis must be undertaken before determining whether a national class can be certified); *Rhinerson*, 2014 U.S. Dist. LEXIS 90471, at *2 ("[S]triking the class allegations at the pleading stage would be premature."); *Czuchaj v. Conair Corp.*, No. 13-CV-1901, 2014 U.S. Dist. LEXIS 54410, at *18-25 (S.D. Cal. Apr. 16, 2014) (finding choice of law analysis premature at pleading stage and declining to dismiss national class claims); *Swearingen v. Yucatan Foods, L.P.*, 24 F. Supp. 3d 889, 896 (N.D. Cal. 2014) (propriety of national class question "not appropriate at pleading stage"); *Werdebaugh*, 2013 U.S. Dist. LEXIS 144178, at *55-56 (declining to strike national class claims at the pleading stage because choice of law determination should wait until class certification stage); *Brazil v. Dole Food Co.*, No. 12-CV-01831, 2013 U.S. Dist. LEXIS 136921, at *40 (N.D. Cal. Sep. 23, 2013) (concluding that striking class allegations at pleading stage would be "premature"); *Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-cv-1142, 2013 U.S. Dist. LEXIS 33387, at *32-33 (C.D. Cal. Feb. 19, 2013) (denying motion to strike nationwide class allegations where discovery had not yet commenced).

## IV.   PLAINTIFFS HAVE PROPERLY PLED CLAIMS UNDER THE VARIOUS STATE CONSUMER PROTECTION ACTS

### A.   Plaintiffs' Claims Under the UPTA Are Timely

As recognized by Defendant, under Oregon law, claims for Unlawful Trade Practices Act ("UTPA") "must be commenced within one year after the discovery of the unlawful method, act or practice." Or. Rev. Stat. § 646.638(6)); *see also Bodin v. B. & L. Furniture Co.*, 42 Ore. App. 731, 735, 601 P.2d 848, 850 (1979) (reversing directed verdict on statute of limitations grounds for claims asserted under the UTPA). Under this discovery rule, the statute of limitations does not begin to run until "the plaintiff knew or should have known of the alleged [unlawful method, act or practice]." *Mathies v. Hoeck*, 284 Ore. 539, 542-43, 588 P.2d 1, 2-3 (1978).

Whether the plaintiff should have known of the alleged [unlawful method, act or practice] depends on a two-step analysis.  First, it must appear that plaintiff had sufficient knowledge to "excite attention and put a party upon his guard or call for an inquiry . . ."  *Linebaugh v. Portland Mortgage Co.*, 116 Ore. 1, 14, 239 P 196 (1925).  If plaintiff had such knowledge, it must also appear that "a reasonably diligent inquiry would disclose" the [unlawful method, act or practice].  *Wood v. Baker*, 217 Ore. 279, 287, 341 P.2d 134 (1959).  ***Whether or not the plaintiff should have known of the fraud at a particular point in time "is normally a question of fact for the jury [except] where . . . only one conclusion can reasonably be drawn from the evidence."***  *Dilley v. Farmers Ins. Group*, 250 Or 207, 441 P.2d 594 (1968) (emphasis added).

Oregon Courts have applied the reasoning of *Mathies* to claims asserted under the UTPA.  *See Bodin*, 42 Ore. App. at 735.  Specifically, in *Bodin*, the plaintiff brought an action under the UTPA more than one year after the purchase of a mattress.  The defendant argued that the claim was barred by the one-year statute of limitations since it was brought more than one year after the purchase.  On appeal, the *Bodin* Court reversed a directed verdict on statute of limitations grounds for claims asserted under the UTPA.  *Id.*  After a discussion of *Mathies, the Court* concluded "there was a jury question whether plaintiff had sufficient knowledge to 'excite attention and put a party upon his guard or call for an inquiry.'"  *Bodin,* 42 Ore. App. At 735-36.

The FAC alleges that both Plaintiffs Vinci and Ku experienced problems with their power steering more than one year prior to the filing of this action.  FAC ¶¶ 12-16.[3]  The mere fact that a purchaser of a car experiences problems with a component of the car, however, does not automatically "excite attention and put a party upon

---

[3] Plaintiffs' First Amended Complaint is referred to as "FAC" ECF No. 28.

his guard or call for an inquiry" sufficient to file a claim for violations under the UTPA – otherwise the Court would be flooded with meritless claims every time an owner had an accident due to mechanical issues or needed service to their vehicle. Defendant may be able to prove to a jury that Vinci's problems and Ku's accident did excite sufficient attention to put the Plaintiffs on inquiry notice of Hyundai's unlawful method, act or practice.  But this is not the only conclusion that can be drawn from the allegations of the FAC, and therefore is not properly the subject of a motion to dismiss.  Such a rule is particularly appropriate where the claims are based upon non-disclosure, as in the present case.  If the Court is inclined to grant the motion to dismiss on statute of limitations grounds, Plaintiffs seek leave to amend to allege the facts and dates with respect to their discovery of Hyundai's unlawful method, act or practice, as opposed to the first date they encountered problems with their power steering.

## B.   Plaintiffs' Claims Under The Consumer Protection Acts Are Properly Pled

### 1.   Plaintiffs' Claims Are Subject To Rule 8

Hyundai argues that Plaintiffs' claims have not been pleaded with sufficient specificity under Rule 9(b).[4]  To heighten the pleading standard, Defendant attempts to portray this as an action for fraud.  The Oregon Supreme Court, however, has held "[t]he elements of common law fraud are distinct and separate from the elements of a cause of action under the Unlawful Trade Practices Act and a violation of the Act is much more easily shown."  *Wolverton v. Stanwood*, 278 Ore. 709, 713, 565 P.2d

---

[4] "Rule 9(b) does not apply to allegations of knowledge and intent."  *Precht v. Kia Motors Am., Inc.*, No. CV 14-1148, 2014 U.S. Dist. LEXIS 185202, at *17 (C.D. Cal. Nov. 7, 2017).  Plaintiffs only need to allege facts raising a "plausible inference that Defendant knew of the [] defect at the time of sale."  *Id.* (quoting *Avadisian v. Mercedes-Benz USA, LLC*, No. CV 12-00936, 2013 U.S. Dist. LEXIS 73444, at *7 (C.D. Cal. May 22, 2013)).

755, 757 (1977).  In other words, Oregon Courts recognized that the UTPA "defines the types of conduct that constitute unlawful trade practices, which are not the same as conduct which is the basis of common law fraud actions for damages." *Raudebaugh v. Action Pest Control, Inc.*, 59 Ore. App. 166, 171, 650 P.2d 1006, 1009 (1982).  Therefore, even Hyundai's own authority recognizes that claims under the Oregon UTPA do not sound in fraud and are not subject to the heightened pleading standards of 9(b).  *McKie v. Sears Prot. Co.*, No. 10-1531, 2011 U.S. Dist. LEXIS 47967, at *32 (D. Or. Feb. 22, 2011).  In *McKie*, the plaintiff brought UTPA claims, *inter alia*, due to Sears failure "to disclose that it would send unqualified or uncertified technicians, or require lengthy delays between service calls or communications with Sears."  *Id.*  Plaintiffs' claims, like those in *McKie*, are based on Hyundai's failure to disclose the defect in the power steering mechanism, and likewise are not subject to the heightened pleading standard of Rule 9(b).  FAC ¶¶ 12, 23, 36(f), 64, 66, and 107-165.  As such, Plaintiffs' allegations are not held to the same standard as affirmative misrepresentations.  Claims premised on omission or concealment "can succeed without the same level of specificity required by a normal fraud claim."  *Falco v. Nissan N. Am., Inc.*, Case No. CV 13-00686, 2013 U.S. Dist. LEXIS 147060, at *32-33 (C.D. Cal. Oct. 10, 2013).  This Court has found similar allegations adequately pled under such an omissions theory, even where they may not satisfy the requirements for claims brought under an affirmative misrepresentation theory.  *See Precht*, 2014 U.S. Dist. LEXIS 185202, at *16-17.

### 2.    Plaintiffs Satisfy The Pleading Requirements Of Rule 9(b)

Even if Plaintiffs' claims were subject to the particularity requirements of Rule 9(b), the FAC more than satisfies even that heightened pleading standard.  Claims premised on omission or concealment "can succeed without the same level of specificity required by a normal fraud claim."  *Falco*, 2013 U.S. Dist. LEXIS 147060, at *32-33.  This is because a plaintiff pursuing such a claim will "not be

able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim." *Id.,* at *33.  As this Court noted in *Huntzinger v. Aqua Lung America, Inc.*, "[a] fraud-based omission claim under the UCL and the CLRA 'must be contrary to a representation actually made by the defendant, or an omission of fact the defendant was obliged to disclose.'" 2015 U.S. Dist. LEXIS 167140, at *22 (S.D. Cal. Dec. 10, 2015) (quoting *In re Sony Gaming Networks and Consumer Data Security Breach Litigation*, 996 F. Supp. 2d 942, 991 (S.D. Cal. 2014)).

Therefore, claims based on fraudulent conduct, as opposed to non-disclosure, are sufficient when they allege the who, what, when, where, and how of the misconduct charged such that defendant is given sufficient notice of the particular misconduct so that it can defend against the charge and not just deny that they have done anything wrong. *Sandoval v. Pharmacare US, Inc.*, 145 F. Supp. 3d 986, 996–97 (S.D. Cal. 2015).  When the plaintiff identifies the misleading representations, illustrates why they are misleading, states where those representations appeared, and provides the relevant time period in which the representations were made, he has satisfied the 9(b) pleading requirement.  *See Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1126 (N.D. Cal. 2010).

The Court should deny Defendant's argument because Plaintiffs sufficiently lays out the "when," "what," and "how" of the fraud for Defendant to understand the nature of the fraud and frame a response.  Plaintiffs allege that Hyundai ("who"), FAC ¶ 18, concealed the material fact of the steering defect ("what"), FAC ¶¶ 31-33, which caused economic damages ("how"), FAC ¶¶ 23-25, at the time of purchase ("when"), FAC ¶¶ 12-17.  *See Precht*, 2014 U.S. Dist. LEXIS 185202, at *16 (this Court finding similar allegations adequately pleaded).

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

- 12 -

### 3.    Plaintiffs Properly Plead UTPA Claims For Non-Disclosures

Under Oregon law, one way a duty to disclose arises is when the defendant had exclusive knowledge of material facts not known to the plaintiff.  *See CRM Collateral II, Inc. v. Tri-County Metro. Transp. Dist. of Or.*, No. CV 08-1266, 2009 U.S. Dist. LEXIS 85870, at *16 (D. Or. Sep. 18, 2009) (finding that, "where a fact is material to a proposed transaction, failure to disclose it constitutes actionable fraud[.]") (citing *Millikin v. Green*, 283 Or. 283, 285-86 (1978)).

As a separate and independent source of the duty to disclose the power steering defects, Plaintiffs have also alleged that Hyundai violated the TREAD Act, 49 U.S.C. § 30118 (c), by failing to notify purchasers about the steering defect.  FAC ¶¶ 32-33.  The failure to disclose the TREAD Act violation is also material.  *See In re: Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1173 (C.D. Cal. 2011) (allegation of TREAD Act violation supports claims for fraudulent omission and CLRA violation).

First, the omission was material because it poses a safety hazard.  FAC ¶¶ 22-24.  *See Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010) (stating that for an omission to be material, the failure to disclose must pose safety concerns) (citing *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835-38 (Cal. App. 2006)); *see also Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 997 (N.D. Cal. 2013) (finding that the alleged headlight defect "posed a genuine safety risk" and "a reasonable consumer would consider the risk material because of the inherent risks of physical injury in the event of a headlamp-related accident, or the costs associated with continually repairing problematic headlamps.").

Second, Plaintiffs have pleaded Hyundai's exclusive knowledge.  The recalls of the 2008 and 2010 Hyundai Elantras alleged by Plaintiffs, FAC ¶¶ 27-30, give rise to an inference that Defendant was aware of the power steering problems well before the recalls, and when Plaintiffs purchased their vehicles.  *See Precht*, 2014

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE
ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

- 13 -

1   U.S. Dist. LEXIS 185202, at *19 (recalls of same defect in prior models gave rise to

2   inference of knowledge).

3        The recalls of the 2008 and 2010 Hyundai Elantras alleged by Plaintiffs, FAC

4   ¶¶ 27-30, give rise to an inference that Defendant was aware of the power steering

5   problems when Plaintiffs purchased their vehicles.  *See Precht*, 2014 U.S. Dist.

6   LEXIS 185202, at *19. (recalls of same defect in prior models gave rise to inference

7   of knowledge).  Plaintiffs have also alleged that over 100 complaints were made to

8   NHTSA about locking or drifting of the power steering.  FAC ¶ 26.  Contrary to

9   Hyundai's argument, all of the complaints involve locking and drifting that drivers

10  attribute to the power steering.  These numerous complaints also give rise to an

11  inference of knowledge.  *See Falco*, 2013 U.S. Dist. LEXIS 147060, at 17-19 (TSBs,

12  even though issued after sales of vehicles, give rise to inference of knowledge).

13       **C.    The Privity Defense To The Warranty Claims Fails**

14       Hyundai argues that under Oregon law warranty claims require direct

15  contractual privity between any plaintiff and defendant.  Def. Br. 14:24-27; 15:7-24.

16  This is incorrect with respect to Plaintiffs' individual claims for two reasons.  First,

17  under Oregon law, if the dealership or seller acts as the agent of Hyundai, the privity

18  requirement is satisfied.  *See Gaha v. Taylor-Johnson Dodge, Inc,*. 53 Ore. App. 471,

19  476 (Ore. Ct. App. 1981) (affirming jury finding that privity was established

20  between consumer and motor home manufacturer where dealer was agent of

21  manufacturer).  Here, Plaintiffs have alleged that the dealerships are agents.  FAC ¶

22  53 ("Plaintiffs and Class members have had sufficient direct dealings with either

23  Defendant ***or its agents (including its dealerships)*** to establish privity of contract").

24       Second, under the Magnuson-Moss Warranty Act, if the manufacturer of

25  consumer products provides an express warranty, the warranty runs through the

26  dealer to the consumer, obviating the privity requirement.  *See* 15 U.S.C. § 2301(3).

27

28  <u>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION</u>
    TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE          - 14 -
    ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

With respect to other states' laws, there is a large body of law dating back to the 1950s, when Section 2-318 was added to the Uniform Commercial Code that eliminates the privity requirement under the third-party beneficiary doctrine. *See* 1 William D. Hawkland & Linda J. Rusch, Uniform Commercial Code Series § 2-318:1 (Frederick H. Miller ed., 2010); William L. Stallworth, *An Analysis of Warranty Claims Instituted by Non-Privity Plaintiffs in Jurisdictions that Have Adopted Uniform Commercial Code § 2-318 (Alternatives B & C)*, 27 Akron L. Rev. 197 (1993). If the Court ultimately determines that California law ought not apply extraterritorially to the warranty claims, then the Court may, as is the norm in such cases, designate sub-classes. Because all states save Louisiana have, in effect, adopted one of the three alternatives of the Uniform Commercial Code's provision for third-party beneficiary standing for warranty claims, Plaintiffs would propose that three sub-classes, divided according to these three statutory variations of the Code, may be appropriate. *See* U.C.C. § 2-318 cmt. 2 (1992) (non-privity plaintiffs may have standing as third-party beneficiaries of the warranties that a seller originally conferred on non-party buyers, "thereby freeing . . . such beneficiaries from any technical rules as to 'privity.'"); *see also* 1 Hawkland & Rusch, Uniform Commercial Code Series § 2-318:1 (Frederick H. Miller ed., 2010); William L. Stallworth, *An Analysis of Warranty Claims Instituted by Non-Privity Plaintiffs in Jurisdictions that Have Adopted Uniform Commercial Code Section 2-318 (Alternative A)*, 20 PEPP. L. REV. 1215 (1993).

In any event, if California law applies, it does not require vertical privity between Plaintiffs and Hyundai to state a claim for warranty breach; remote purchasers may state a such claims. Cal. Civ. Code § 1559. And as recognized by this Court, an exception to the vertical privity requirement exists with respect to automobile dealerships because "plaintiff is a third-party beneficiary of a contract between other parties which does create an implied warranty." *Precht*, 2014 U.S.

Dist. LEXIS 185202, at *29.  That is Mr. Ku's circumstance.  He has alleged that he purchased his Hyundai from Ron Tonkin Hyundai in Gresham, Oregon.  FAC ¶ 15.  With respect to Ms. Vinci, Plaintiffs respectfully request leave to amend to plead that she purchased her Hyundai from Fidelity Fleet and Finance of Tigard, Oregon, and accordingly, would likewise have the same third-party beneficiary status.

## D.   Plaintiffs Have Pleaded A Breach Of The Implied Warranty Of Merchantability

Hyundai asserts that to recover for breach of the implied warranty of merchantability, plaintiffs must plead "a fundamental defect that renders the product unfit for its ordinary purpose."  Def. Br. 16:23-26 (citing *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010)).  Hyundai further asserts that if a vehicle seems fit to drive at the time of purchase there can be no breach of the implied warranty of merchantability.  Def. Br. 16:1619.  Through this lens, Hyundai would eradicate consumer protections against latent automobile defects.  In any event, as Plaintiffs have alleged, the Vehicles were not fit to drive at the time of purchase, because by the time they reached distribution they contained the (latent) defect, which would later render the cars difficult or impossible to steer.  FAC ¶ 93 ("These Class Vehicles, when sold or leased and at all times thereafter, were not in merchantable condition because the power steering in these vehicles was defective, unsafe, and unreliable.").

Safety defects, even if not immediately apparent, render a vehicle unmerchantable.  *See Falco*, 2013 U.S. Dist. LEXIS 147060, at *8.  Even more recently, the Ninth Circuit held that federal courts must follow *Mexia v. Rinker Boat Company, Inc.*, 174 Cal. App 4th 1297, 1301 (2009) (holding that nothing in California's lemon law requires a consumer to discover a latent defect during the duration of the warranty).  *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (holding, "[the] rule that § 1791.1 'does not create a deadline for discovering

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

- 16 -

latent defects or for giving notice to the seller' . . . must be followed."). Both the Song-Beverly Act and the California UCC provide a similar warranty of merchantability. *Am. Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291, 1295 n.2 (1995). Song-Beverly was intended to supplement, not supersede, the UCC. *See also Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 215 (1991). The Ninth Circuit's *Daniel* reasoning would apply equally here, to allow the logical result that an ordinary person buying a car need not discover the latent defects at the time of purchase to be able to recover a remedy for harm cause by a defendant's expensive, and ultimately dangerous, product.

Beyond which, a car is not "merchantable" simply by virtue of its capacity to provide transportation from point A to point B. *Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 27 (2007). California law requires a "minimum level of quality." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). Bare bones though this may sound, and acknowledging that a defect must be "fundamental" to implicate the implied warranty, "this does not mean the alleged defect must preclude any use of the product at all." *Stearns v. Select Comfort Retail Corp.*, Case No. 08-cv-2746, 2009 U.S. Dist. LEXIS, at *25 (N.D. Cal. June 5, 2009). *See also Long v. Graco Children's Prods. Inc.*, Case No. 13-cv-01257, 2013 U.S. Dist. LEXIS 121227, at *2, 44 (N.D. Cal. Aug. 26, 2013) (child car seats "provide[d] adequate protective restraint," but plaintiff adequately alleged that they were unfit due to a defective buckle that was "unreasonably difficult or impossible to unlatch.").

Defendants further aver that Plaintiffs' claims for breach of the implied warranty of merchantability is undermined because they did not allege avoiding use of the Vehicles. Def. Br. 17:14-19. However, this would be "an unjustified dilution of the implied warranty of merchantability." *Isip*, 155 Cal. App. 4th at 27.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS OR STRIKE ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

- 17 -

1
2

### E.    Plaintiffs Have Pleaded A Breach Of The Implied Warranty Of Fitness For Particular Purpose

3      Hyundai argues that Plaintiffs cannot state a claim for a breach of implied

4   warranty for a particular purpose because driving a car is its "ordinary" purpose, not

5   its "particular" purpose.  Def. Br. at 15.  But Hyundai holds itself out as having

6   "knowledge and skill in the design and manufacture of automobiles."  FAC ¶ 21.

7   And for decades, it has been recognized that manufacturers are held to have

8   knowledge of, and extend an implied warranty of fitness for, the particular purpose

9   of driving that car buyers seek.  *See e.g. Thomas v. Ford Motor Credit Co.*, 48 Md.

10  App. 617, 626 (1981) ("For example, one buying an automobile impliedly makes

11  known the particular purpose for which the goods are intended -- transportation.  If

12  the automobile will not run, both the warranties of fitness for the purpose and

13  merchantability are breached, for such a defective car is not of fair average quality,

14  nor is it fit for the purpose as impliedly made known to the seller.'") (quoting *Myers*

15  *v. Montgomery Ward & Co.*, 253 Md. 282, 295 (1969)) (quoting Hawkland, *A*

16  *Transactional Guide to the Uniform Commercial Code* (1964) § 1.19020702).

17     ### F.    Plaintiffs' Magnuson-Moss Claims Should Not Be Dismissed

18     Plaintiffs' Magnuson-Moss claims will "stand or fall" with Plaintiffs' state

19  law implied warranty claims.  *Clemens v. DaimerChrysler Corp.*, 534 F.3d 1017,

20  1022 (9th Cir. 2008) (holding that such claims "stand or fall with [their] express and

21  implied warranty claims under state law").  To the extent Plaintiffs have adequately

22  pleaded their state law warranty claims, as discussed within this memorandum, the

23  Court should deny Hyundai's motion to dismiss Plaintiffs' Magnuson-Moss claims.

24     ### G.    Equitable Relief is Appropriate Because the Remedies Are Cumulative And Plaintiffs Are Permitted To Plead In The Alternative

25

26     Hyundai argues that Plaintiffs' claims for injunctive relief, including that

27  available under California's Unfair Competition Law ("UCL"), must be dismissed

28

because Plaintiffs have an adequate remedy at law.  However, in this case legal and equitable remedies coexist quite well at the pleading stage for three reasons: first, the remedies under the UCL are cumulative to other remedies; second, Plaintiffs are allowed to plead in the alternative; third, at the pleading stage it is premature to determine whether a remedy at law will survive through the litigation.

First, UCL remedies, such as restitution, are cumulative.  The UCL itself states "Unless otherwise specifically provided, the remedies or penalties provided by this chapter are cumulative to each other, and to the remedies or penalties available under the laws of this state."  Cal. Bus. & Prof. Code § 17205; *see also Cabrales v. Castle & Cooke Mortg., LLC*, 1:14-cv-01138, 2015 U.S. Dist. LEXIS 76636, at *10 (E.D. Cal. June 12, 2015) (noting cumulative nature of UCL remedies).  Further, it is well established that plaintiffs may recover equitable relief in the nature of restitution for misleading or deceptive acts under the UCL, and in the same action recover other remedies under other statutes.  "[T]he Legislature has clearly stated its intent that the remedies and penalties under the UCL be cumulative to other remedies and penalties."  *Stop Youth Addiction, Inc. v. Lucky Stores, In*c., 17 Cal. 4th 553, 566 (Cal. 1998).

Additionally, there are two alternative grounds on which Hyundai's motion should be denied.  Under Rule 8(a)(3), a party may seek relief in the alternative.  As a court in the Northern District found just a few months ago, "[T]his Court is aware of no basis in California or federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleadings stage."  *Adkins v. Comcast Corp.*, No. 16-cv-05969, 2017 U.S. Dist. LEXIS 137881, at *7 (N.D. Cal. Aug. 1, 2017); *see also Cabrales*, 2015 U.S. Dist. LEXIS 76636, at *10 (holding "no question" UCL claim can be pursued as an alternative to legal remedies).

1    Finally, even if the legal and equitable remedies are somehow inconsistent, it
2    is premature to decide that at the pleading stage.  It is not known at this stage in the
3    litigation which claims will and will not survive.  "[A]t the pleading stage, the court
4    simply is not in a position to determine whether an adequate remedy at law exists."
5    *Artifex Software, Inc. v. Hancom, Inc.*, 16-cv-06982, 2017 U.S. Dist. LEXIS 62815,
6    at *5–6 (N.D. Cal. Apr. 25, 2017) (declining to dismiss requests for specific
7    performance and restitution); *see also Cabrales*, 2015 U.S. Dist. LEXIS 76636, at
8    *11 (declining to dismiss UCL claim and stating that resolution of the question of
9    whether restitution and injunctive relief are available "goes well beyond the confines
10   of a motion to dismiss and is subject to pretrial adjudication, if at all, only by way of
11   summary judgment.").  Accordingly, it is premature to decide whether Plaintiffs'
12   claims for injunctive relief should be dismissed, and for all of these reasons,
13   Plaintiffs' claims for injunctive relief should not be dismissed.

### H.    Plaintiffs Have Pleaded The Breach Of The Express Warranty

15   Hyundai affirmatively promised the "repair and replacement of any
16   component originally manufactured or installed . . . that is found to be defective in
17   material and workmanship under normal use and maintenance." FAC ¶ 51 (Hyundai
18   New Vehicle Limited Warranty).

19   Express warranties are not solely created by warranty manuals.  Hyundai
20   advertises power steering. FAC ¶ 23. *See also* FAC ¶ 84 (Hyundai made affirmative
21   false or misleading statements in advertising and published marketing and other
22   materials, throughout the United States).

### 1.    Plaintiffs Are Within The Express Warranty's Limitation

24   Hyundai argues that Plaintiffs who lack affirmative allegations that the breach
25   occurred within an express warranty's time or mileage limit fail to state a claim.
26   Def. Br. 13:25-14:3.  In fact, both Plaintiffs' warranties were still in effect when the
27   defects manifested.  Plaintiff Ku's warranty was for 10 years and 100,000 miles and

his accident occurred roughly two years after purchase when the vehicle has 24,000 miles on it.  Plaintiff Vinci's warranty was for five years and 60,000 miles and her accident occurred when her vehicle had 45,000 miles on it.[5]

### 2.     Hyundai Had Notice Before Litigation

Hyundai also asks for dismissal of the express warranty claim, citing Oregon law, and incorrectly positing a lack of pre-suit notice. Def. Br. 14:13-20. Plaintiffs provided pre-suit notice with their letter sent pursuant to Cal. Civ. Code § 1780(b). FAC ¶ 70*; see also* FAC ¶¶ 6-7, 26 (NHTSA consumer complaints), 27-30 (prior recalls).

This is sufficient notice under Oregon law.  *Israel v. Miller*, 214 Or. 368, 375 (1958) (finding that pleading and proving that notice was provided to defendant is sufficient); *see also Clarizo v. Spada Distrib. Co.*, 231 Ore. 516, 523, 373 P.2d 689, 692 (1962) (holding same).  Accordingly, Hyundai's notice argument fails.

### I.     Plaintiffs Request Leave to Amend

Should the Court grant Hyundai's motion, Plaintiffs respectfully request leave to amend to cure any pleading deficiencies.  *See, e.g., Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.").

### V.     CONCLUSION

For the reasons stated above, Defendant's motion to dismiss should be denied.

Dated: November 15, 2017          **FARUQI & FARUQI, LLP**

By: /s/ *Benjamin Heikali*
Benjamin Heikali, SBN 307466
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

---

[5] These facts are not alleged in the FAC.  Plaintiffs request leave to allege them in an amended pleading.

Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: bheilaki@faruqilaw.com

Innessa Melamed Huot
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: ihuot@faruqilaw.com

Bonner Walsh
**WALSH LLC**
21810 Pine Crest Dr.
Bly, Oregon 97622
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
Email:  bonner@walshpllc.com

Adam Gonnelli
**THE SULTZER LAW GROUP, PC**
280 Highway 35, Suite 304
Red Bank, NJ 07701
Telephone: (732) 741-4290
Facsimile: (888) 749-7747
Email: gonnellia@thesultzerlawgroup.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Laura R. Reznick
**LEEDS BROWN LAW, P.C.**
1 Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
Email: lreznick@leedsbrownlaw.com

*Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Dated: November 15, 2017          */s/ Benjamin Heikali*
                                  Benjamin Heikali, SBN 307466